CHARLES F. STILWELL *v.* BERNARD J. GAFFNEY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-681-33542

Argued January 20—decided March 7, 1969

*William C. Galligan,* of Hartford, for the plaintiff (appellant).

STAPLETON, J. In this automobile negligence action, service of process was purportedly made in accordance with § 52-63 of the General Statutes.[1] The defendant is described in the complaint in this way: "Bernard J. Gaffney, 404 Farmington Avenue, Town of Hartford, County of Hartford and Box 233, R.F.D. #1, Town of Stafford Springs, County of Tolland, both of the State of Connecticut . . . ." The return shows that the sheriff attempted to make service upon the defendant by leaving a true and attested copy of the process with the commissioner of motor vehicles. It further appears from the return that registered letters addressed to the defendant at the addresses listed above were returned with the notation thereon "Unknown" and "moved, left no address."

---

[1] "Sec. 52-63. SERVICE ON MOTOR VEHICLE OPERATOR OR OWNER NOT FOUND AT HIS RECORDED ADDRESS. Any motor vehicle operator licensed under the provisions of chapter 246 or any owner of a motor vehicle registered under said provisions who loans such motor vehicle or permits it to be driven by another, which operator or motor vehicle has caused injury to the person or property of another, and upon which operator or owner it is impossible to make service of civil process at his last address on file in the motor vehicle department, may be served with such civil process by leaving with or at the office of the commissioner of motor vehicles, at least twelve days before the return day of such process, a true and attested copy of the writ, summons and complaint in such civil process, bearing a certification thereon by the officer having such process for service that he has made diligent search to obtain service at such address of such operator or owner and has been unable to make such service, and by sending the defendant, at least twelve days before the return day of such process, by registered or certified mail, postage prepaid and return receipt requested, a like true and attested copy of such writ, summons and complaint, addressed to such defendant at his last address on file in the motor vehicle department. . . ."

On March 28, 1968, the court *(Yesukiewicz, J.)* entered a default judgment for nonappearance, and on August 6, 1968, the court *(DiCenzo, J.)* entered judgment for the plaintiff for $1914, together with an order of payment of $2 per week. On September 3, 1968, the plaintiff's application for wage execution was placed on the short calendar.[2]

It is apparent that the court had no jurisdiction over the defendant. "Jurisdiction is the power in a court to hear and determine the cause of action presented to it. . . . It must exist in three particulars: the subject matter of the cause, the parties, and the process." *Mazzei* v. *Cantales,* 142 Conn. 173, 175. " 'Where a particular method of serving process is pointed out by statute, that method must be followed . . . .' " *FitzSimmons* v. *International Assn. of Machinists,* 125 Conn. 490, 493, quoting from *Amy* v. *Watertown,* 130 U.S. 301, 316.

"The service of the process in the manner found was a nullity, and the court acquired no jurisdiction over the person of the defendant . . . [Gaffney] which would authorize it to render a valid judgment against him." *Cugno* v. *Kaelin,* 138 Conn. 341, 343. If lack of jurisdiction comes to the attention of the court, it is of no consequence how it is suggested, and the court may even act suo motu. *Felletter* v. *Thompson,* 133 Conn. 277, 279, 280.

The sheriff's return was deficient in that it failed to comply with the provisions of § 52-63. Such deficiencies in his return are jurisdictional and controlling.

[2] Following the hearing at the short calendar session, the record discloses that on September 20, 1968, Judge Cramer notified the plaintiff's attorney by letter that a wage execution would not be issued until notice was given to the defendant of the judgment. On October 22, 1968, the motion to reargue the plaintiff's application for wage execution was denied by Judge Cramer.

Accordingly, the judgment must be and the same is set aside and the cause erased from the docket for lack of jurisdiction.

In this opinion JACOBS and KOSICKI, Js., concurred.