HORST A. LERCH v. ALEXANDER BELAU ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 165492

Memorandum filed July 26, 1971

*Pearson, Baum & Nathan,* of Hartford, for the plaintiff.

*David C. Bagley,* of Hartford, for the defendant Carla Lewin.

*Courtney, Mansfield & Sullivan,* of West Hartford, for the named defendant.

No appearance for Joseph Milhomens, administrator.

SADEN, J. The plaintiff was a passenger in a motor vehicle which, on April 24, 1969, was involved in a collision with another vehicle, operated by the defendant Carla Lewin, hereinafter called the defendant, in the town of Wethersfield. Service of process on the defendant, according to the return of the sheriff, after diligent but futile search at the defendant's last address on file with the motor vehicle department, was made on April 16, 1970, on the commissioner of motor vehicles as "the duly authorized agent and attorney for the within named resident defendant." Also on April 16, 1970, by prepaid registered mail, return receipt requested, a true and attested copy of all papers served was addressed to the defendant at 936 Wethersfield Avenue, Hartford, Connecticut, "that being the last address on file" at the motor vehicle office. Attached to the original writ, summons and complaint is a return receipt, stamp-dated April 27, 1970, for the registered mailing to the defendant, and signed by "Glenna Lewin."

The defendant filed a plea in abatement alleging that service was made on April 15 (sic), 1970, at a place that was not the usual place of abode of the defendant, inasmuch as she had become a resident of Hampden, Massachusetts, prior thereto, and was

not a resident of Connecticut at the time of the alleged service. The defendant claims that service must be made pursuant to § 52-54 of the General Statutes, and makes no mention of § 52-63, under which the plaintiff claims proper service was completed.

The defendant testified that she went to reside in Hampden, Massachusetts, in August, 1969, and that her Connecticut license expired in July, 1969, without being renewed.

Generally speaking, in civil actions § 52-54 applies so far as personal service is concerned. But in motor vehicle cases § 52-54 is not the sole basis for completing service on the operator of a motor vehicle. In this case, § 52-63 applies because the defendant, at the time of the collision on April 24, 1969, was a motor vehicle operator licensed under chapter 246 of our statutes. This license, by her own testimony, expired in July, 1969, and was not renewed.

The defendant has failed to file a brief in support of her position, but presumably her position is that on the date of the alleged service of the writ, summons and complaint she was no longer a Connecticut resident and did not then possess a Connecticut license.

A reading of § 52-63 establishes that the operator referred to must (1) be licensed under chapter 246 and (2) have "caused injury to the person or property of another," and that it must be impossible to serve the operator at his last address on file with the motor vehicle department. Under § 52-63, any operator "at the time of issuance of his license" is deemed to have appointed the motor vehicle commissioner as his attorney and to have agreed that any process served on the commissioner in any claim for damages resulting from alleged negligence in the operation of a motor vehicle shall have the same

validity "as if served upon such . . . operator personally, even though the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown."

The only question, therefore, raised by the plea in abatement is whether service under § 52-63 achieves in personam jurisdiction.

Prior to 1957, the then language of § 52-63 would not have covered the present case, and the plea in abatement would have had to be sustained. *Stern v. Mottram,* 20 Conn. Sup. 406, 411. But the language of § 52-63, as amended by the 1957 legislature (Public Acts 1957, No. 162) is specifically designed to cover the situation where an operator licensed in Connecticut at the time of the motor vehicle collision is a nonresident at the time of service of process. The portion of § 52-63 quoted above is in point.

It should be noted that § 52-63 rather than § 52-62 applies to the present case, because § 52-62 applies only to operators who are nonresidents and do not hold Connecticut licenses to operate at the time of their alleged negligent operation of a motor vehicle in Connecticut. Section 52-63, which is here involved, applies to an operator licensed under chapter 246, resident or nonresident.

The essential difference between § 52-62 and § 52-63 is that the latter applies to any Connecticut licensed operator, resident or not, and the former applies only to a nonresident operator who has no Connecticut license and who is involved in a motor vehicle action for injuries. The status of the operator at the time of the accident is significant in each case.

The appointment of the motor vehicle commissioner as attorney for a Connecticut-licensed operator under § 52-63 continues in effect during the

period of time required to cover claims against the licensed operator which may arise out of his operation of a motor vehicle in Connecticut during the life of such license. The expiration of the license in this case, in July, 1969, did not terminate the provisions of § 52-63 as to service on the defendant in connection with the accident of April 24, 1969. The appointment of the motor vehicle commissioner as the defendant's attorney, by virtue of the issuance of the license to her, continued in existence at least for such period of time as actions might be brought within the applicable Statute of Limitations or until the prior death of the licensed operator. See *Brogan* v. *Macklin,* 126 Conn. 92, 94–95 (dealing with the 1939 version of § 52-62 with reference to service on an operator who was a nonresident and was nonlicensed at the time of the accident, and to the death of such an operator prior to service by the sheriff).

In this case the defendant was a licensed Connecticut operator at the time of the accident on April 24, 1969. Notwithstanding the fact that she allowed her license to expire in July, 1969, that she herself departed from Connecticut in August, 1969, to reside elsewhere, and that at the time service was made under § 52-63 she was a nonresident of Connecticut, § 52-63 is operative as to her, and personal jurisdiction was acquired under its provisions.

It might be noted in passing that the sheriff's return, which is in large part a mimeographed form, refers to the defendant as a "resident defendant." This may have been the sheriff's belief because of the Connecticut address for the defendant on file at the motor vehicle department. But it would have been better not to use the word "resident," as the facts of this case indicate, because § 52-63, as pointed out above, does not limit itself to Connecticut residents and, in fact, the defendant was not a

resident at the time of service. Section 52-63 applies to any operator licensed under Connecticut law, resident or nonresident.

The plaintiff's writ, summons and complaint refer to the defendant as being "of 936 Wethersfield Avenue, . . . Hartford . . . ." This was her last address on file under her operator's license with the motor vehicle department at the time of the accident. For the purpose of this case, such an allegation is sufficient and accurate, notwithstanding the defendant's nonresidence at the time of service. The inadvertent use by the sheriff of the word "resident" noted above does not vitiate the service, because in all vital respects he completed the service in accordance with the provisions of § 52-63 and his return is adequate.

The plea in abatement is overruled.