DeFonce Construction Corporation *v.*
Connecticut Resources Recovery
Authority et al.

Cotter, C. J., Loiselle, Bogdanski, Longo and Peters, Js.

Argued March 7—decision released May 8, 1979

*Robert B. Adelman,* for the appellant (plaintiff).

*William J. Cousins,* with whom was *Susan S. Feltus,* for the appellees (defendants).

PER CURIAM. This is an appeal by a disappointed bidder from the awarding of a contract for the construction of a pile foundation system for a processing facility at the Bridgeport Resources Recovery System. The defendant Connecticut Resources Recovery Authority (hereinafter CRRA), through its private contractor, the defendant Combustion Equipment Associates, Inc., invited sealed bids for the construction project on or about November 30, 1976. The plaintiff submitted a sealed bid in accordance with the invitation for bids, and was thereafter determined to be the third lowest bidder. The contract was awarded to the second lowest bidder, the defendant Edwin Moss & Son, Inc.[1]

The plaintiff instituted the present suit alleging that, for a variety of reasons, the award of the contract was improper, and that the plaintiff, having exhausted all administrative remedies, was aggrieved by the decision. The defendants filed a plea in abatement on the ground that the court lacked jurisdiction of the action because there is no statutory basis for review of the action of the CRRA in awarding the contract. The court sustained the defendants' plea in abatement, concluding that the CRRA is not a "state agency" subject to the Uniform Administrative Procedure Act (UAPA); Gen-

---

[1] The defendant Fletcher-Thompson, Inc., was the architect-engineer on the project.

eral Statutes §§ 4-166 to 4-197; and therefore that there exists no right of appeal from the awarding of the contract. From that judgment, the plaintiff appealed to this court, claiming error in the court's conclusion that the CRRA is not a state agency.

Although the sole issue briefed by the parties on this appeal is whether the CRRA is a state agency and thereby subject to the UAPA, we must take note of the fact that no stay or injunction was ever requested in this case and that the disputed contract has been fully performed by the successful bidder, Edwin Moss & Son, Inc. We must therefore inquire whether this appeal has, by the performance of the disputed contract, become moot.

The prayer for relief is as follows: "[T]he plaintiff claims: 1. That the court reverse or modify the decision of the [CRRA] and/or remand the case for further proceedings." Even if we were to assume arguendo that the CRRA is a state agency from whose decision an appeal may be taken, that the plaintiff was aggrieved by the awarding of the contract in question, and that the plaintiff could prove the improprieties it has alleged, granting the relief sought in the complaint would avail the plaintiff nothing. Since the completed contract cannot be rescinded and awarded anew, this case, as framed by the complaint, is no longer a live controversy.[2] "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can

---

[2] We express no opinion on the propriety of this appeal had the plaintiff's complaint sought monetary damages.

follow." *Reynolds* v. *Vroom,* 130 Conn. 512, 515, 36 A.2d 22 (1944). A decision by this court favorable to the plaintiff could entitle it at most to the reversal or modification of a contract award that has already been performed—hardly a model of "practical relief." See *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* 177 Conn. 17, 19–20, 411 A.2d 1 (1979); *Rosnick* v. *Zoning Commission,* 172 Conn. 306, 309, 374 A.2d 245 (1977). Cf. *County of Los Angeles* v. *Davis,* 440 U.S. 625, 634, 99 S. Ct. 1379, 59 L. Ed. 2d 1379 (1979).

Neither does this case present a situation that is "capable of repetition, yet evading review," as there is no reasonable expectation that the same situation will recur as to this plaintiff. *Weinstein* v. *Bradford,* 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 532 (1975); *Connecticut Foundry Co.* v. *International Ladies Garment Workers Union, AFL-CIO,* supra, 21; *Rosnick* v. *Zoning Commission,* supra, 310.

Since the plaintiff's appeal has become moot, we do not address the issue whether it was error to sustain the defendants' plea in abatement on the ground that the CRRA is not a state agency subject to the appeal provisions of the UAPA.

The appeal is dismissed.