RICHARD LUCARELLI *v.* STATE OF CONNECTICUT
(6077)

BORDEN, SPALLONE and FOTI, Js.

Argued April 6—decision released September 6, 1988

*Carl J. Schuman,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Michael J. Belzer,* assistant attorney general, for the appellant (defendant).

*Gerald F. Stevens,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the decision of the workers' compensation review division awarding the plaintiff benefits pursuant to General Statutes § 5-142 (a).[1] The sole issue is whether the

---

[1] General Statutes § 5-142 (a) provides in pertinent part: "If any member of the division of state police within the department of public safety or of any correctional institution, or any institution or facility of the department of mental health giving care and treatment to persons afflicted with a mental disorder or disease, or any institution for the care and treatment of persons afflicted with any mental defect, or any full time enforcement officer of the department of environmental protection, the department of motor vehicles, the department of liquor control, the office of adult probation, the department of administrative services or the board of parole, any probation officer for juveniles or any employee of any juvenile detention home, any member of the police or fire security force of The University of Connecticut, any member of the police or fire security force of Bradley International Airport, any member of the office of state capitol security or any person appointed under section 29-18 as a special policeman for the state capitol building and grounds, the chief state's attorney, the chief public defender, the deputy chief state's attorney, the deputy chief public defender, any state's attorney, any assistant state's attorney or deputy assistant

review division erred in concluding that the injury sustained by the plaintiff was compensable under that provision. We find no error.

The following relevant facts are not in dispute. The plaintiff was an officer employed by the department of correction and assigned to the Bridgeport correctional facility. On November 27, 1982, the plaintiff was assigned as a relief officer to the hospital located at the facility. As such, his duties were to check on the inmates and maintain log entries after each inmate check. At approximately 11:30 p.m., upon completion of his second inmate check, the plaintiff returned to his desk to make his log entry. When he seated himself in the chair at the desk, the chair collapsed, causing him to sustain a disabling back injury.

The plaintiff applied to the workers' compensation commission for benefits under General Statutes § 5-142 (a).[2] After a formal hearing, the commissioner found that, although the plaintiff was injured while in

state's attorney, any public defender, assistant public defender or deputy assistant public defender, any chief inspector or inspector appointed under section 51-286 or any staff member or employee of the division of criminal justice or of the division of public defender services, or any judicial department employee sustains any injury while making an arrest or in the actual performance of such police duties or guard duties or fire duties or inspection duties, or prosecution or public defender or courthouse duties, or while attending or restraining an inmate of any institution or as a result of being assaulted in the performance of his duty, the state shall pay all necessary medical and hospital expenses resulting from injury. If total incapacity results from such injury, such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on inactive payroll. He shall continue to receive the full salary which he was receiving at the time of injury subject to all salary benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity . . . ."

[2] The defendant conceded that the plaintiff had suffered a compensable injury, and has made payments pursuant to the state Workers' Compensation Act, General Statutes §§ 31-275 et seq.

the performance of guard duties, his injuries were not compensable under § 5-142 (a) because those duties were not hazardous.[3] The plaintiff appealed from the decision of the commissioner to the compensation review division.

The review division sustained the plaintiff's appeal, concluding that the commissioner had utilized an incorrect standard for review of the plaintiff's application by requiring a showing that the injury was sustained while engaging in hazardous duties. The review division's interpretation of § 5-142 (a) was that the provision required only that the claimant be "in the actual performance of such police or guard duties," not proof that the duties were themselves hazardous. The plaintiff was thereby awarded full pay benefits under § 5-142 (a) during the period of his disability.[4] From this award, the defendant has appealed.

Simply stated, § 5-142 (a) provides special, enhanced benefits to special, enumerated groups of state employees. Contrary to the arguments proffered by the defendant, there is no need to look any further than the words of the statute to divine its intent and purpose. By its own terms, the statute defines who is entitled to its benefits, and a fair reading discloses under what circumstances these benefits will be dispensed. " 'If the language of the statute is clear and unambiguous, it is assumed that the words themselves

---

[3] The relevant portion of the commissioner's finding and award provided:

"9. The claimant's injury was sustained while in the performance of his guard duties.

"10. The claimant's guard duties at the time of the fall were not hazardous and did not involve any special duties required of a guard by virtue of the nature of his work. The claimant was not in actual performance of the duties which entitle him to the extra compensation he claims."

[4] General Statutes § 5-142 provides that an eligible claimant shall receive his full salary and all salary benefits for the first two hundred and sixty weeks, or five years, of incapacity, and one half of his salary for any continuing incapacity thereafter.

express the intention of the legislature and there is no room for judicial construction. *Mazur* v. *Blum,* 184 Conn. 116, 118–19, 441 A.2d 65 (1981) . . . .' *Johnson* v. *Manson,* 196 Conn. 309, 316, 493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S. Ct. 813, 88 L. Ed. 2d 787 (1986)." *O'Donnell* v. *Rindfleish,* 13 Conn. App. 194, 202, 535 A.2d 824 (1988).

We do not agree with the defendant that the word "hazardous" must be inferred in a fair reading of the statute to render a reasonable and logical result. The classifications of state employees enumerated in the provision share a common characteristic: these employees, in the daily course of performing their duties, work in an atmosphere sometimes charged with emotion and stress, and face the possibility of confrontations with inmates, patients or arrestees, which confrontations often result in violence. It is not illogical that the legislature recognized this heightened risk factor in their employment and sought to provide these employees with a special benefit.[5]

Given our conclusion that the statute can be read fairly as yielding a rational result without resort to an analysis of the provision's lengthy history,[6] we will go no further. See, e.g., *Orticelli* v. *Powers,* 197 Conn. 9, 13–14, 495 A.2d 1023 (1985); *Carruthers* v. *Vumbacco,*

---

[5] We do not agree with the defendant that the mere fact that the statute confers a special benefit on a select group of employees renders it invalid. See *Grover* v. *Manchester,* 168 Conn. 84, 89, 357 A.2d 922, appeal dismissed, 423 U.S. 805, 96 S. Ct. 14, 46 L. Ed. 2d 26 (1975).

[6] Although we have stated that we will not delve into a protracted legislative history of this particular provision, it could not escape our attention that, at an earlier point in time, the statute *did* delineate specific "hazardous" activities which would invoke its benefits, and provided that any injury sustained in other circumstances would be addressed by workers' compensation benefits. Public Acts 1939, c. 211. Although the defendant argues that this exemplifies the legislative intent and purpose inherent in the current statute, it could also be argued that the deletion of these specifics evinces an intent to broaden the application of the provision.

4 Conn. App. 168, 171, 493 A.2d 259 (1985); *University of Hartford* v. *Hartford,* 2 Conn. App. 152, 158, 477 A.2d 1023 (1984). If the legislature had wished to limit the special benefits of § 5-142 to only those situations fraught with hazard, it easily could have done so. The absence of the terms "hazardous" or "special" in the statute indicates that the legislature meant to omit them. To interpret the statute as including these expressions would undeniably alter its meaning. Courts must interpret statutes as they are written; *Muha* v. *United Oil Co.,* 180 Conn. 720, 730, 433 A.2d 1009 (1980); and cannot, by judicial construction, read into them provisions which are not clearly stated. *Thornton Real Estate, Inc.* v. *Lobdell,* 184 Conn. 228, 230, 439 A.2d 946 (1981); *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975).

The defendant's alternative argument also fails. The defendant contends that the only sensible explanation for inclusion of the word "such" in § 5-142 (a),[7] is that it refers to the duty of "making an arrest" and, by implication, modifies "police duties or guard duties" to mean duties of a similar, dangerous nature. We disagree with such a strained interpretation. The word "such" indeed modifies the types of duties which follow in the provisions, but in the context of the category of employee which performs that duty, not the duty itself. Furthermore, the defendant ignores the fact that very few of the employees covered by § 5-142 (a) regularly engage in activities as hazardous as making arrests. The defendant's suggested interpretation of

---

[7] The portion of § 5-142 (a) critical to this claim provides that benefits will be received by an eligible employee when he or she "sustains any injury while making an arrest or in the actual performance of *such* police duties or guard duties or fire duties or inspection duties, or prosecution or public defender or courthouse duties, or while attending or restraining an inmate of any such institution or as a result of being assaulted in the performance of his duty . . . . " (Emphasis added.)

the statute would render the inclusion of many of those other employees inexplicable.

There is no error.

In this opinion the other judges concurred.