RONALD STUART *v.* DEPARTMENT OF CORRECTION
(14331)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BERDON, Js.

Argued November 6, 1991—decision released January 28, 1992

*Michael J. Belzer,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (defendant).

*Mark W. Oberlatz,* for the appellee (plaintiff).

BERDON, J. The issue in this appeal is whether an injured state employee is entitled to full salary benefits pursuant to General Statutes § 5-142 (a)[1] solely on the basis of his membership in an enumerated group of state employees. The workers' compensation commissioner determined that the plaintiff, Ronald Stuart (claimant), had suffered a compensable work related injury in his employment with the defendant, the department of correction (state); and thus, he was entitled to full salary benefits pursuant to § 5-142 (a) during his period of total incapacity. On appeal by the state, the compensation review division affirmed the

[1] General Statutes § 5-142 provides in pertinent part: "(a) If any member . . . of any correctional institution . . . sustains any injury while making an arrest *or in the actual performance of such police duties or guard duties* . . . or while attending or restraining an inmate of any such institution or as a result of being assaulted in the performance of his duty, the state shall pay all necessary medical and hospital expenses resulting from such injury. *If total incapacity results from such injury,* such person shall be removed from the active payroll the first day of incapacity, exclusive of the day of injury, and placed on an inactive payroll. *He shall continue to receive the full salary which he was receiving at the time of injury* subject to all salary benefits of active employees, including annual increments, and all salary adjustments, including salary deductions, required in the case of active employees, for a period of two hundred sixty weeks from the date of the beginning of such incapacity. . . ." (Emphasis added.)

It should be noted that the legislature has recently amended § 5-142 (a) by adding language that the injury sustained must be "a direct result of the special hazards inherent in such duties"; Public Acts 1991, No. 91-339, § 40; thereby layering a third requirement in order for a claimant to receive benefits pursuant to § 5-142 (a). Accordingly, to be eligible for benefits under § 5-142 (a), the state employee must (1) be a member of a specified group of state employees, (2) be engaged in the performance of a specified duty, and (3) the injury sustained must be as a result of "special hazards inherent in such duties."

commissioner's finding and award. The state appealed to the Appellate Court, and we transferred the appeal to this court in accordance with Practice Book § 4023. We now reverse.

The facts were stipulated. On August 24, 1986, the claimant, a food service supervisor, injured his back while lifting a box of supplies in the performance of his food preparation duties at the state correctional institution in Niantic. As a result of his injuries, the claimant was totally disabled from September 4, 1986, until April 24, 1987. The claimant contended that during his period of total disability, he was entitled to his "full salary" pursuant to § 5-142 (a); the state, however, paid him weekly compensation equal to 66.66 percent of his average weekly earnings at the time of his injury, pursuant to General Statutes § 31-307[2] of the Workers' Compensation Act. General Statutes § 31-275 et seq. The workers' compensation commissioner for the second district, relying on the Appellate Court's decision in *Lucarelli* v. *State,* 16 Conn. App. 65, 546 A.2d 940 (1988), concluded that the claimant was entitled to his full salary pursuant to § 5-142 (a).

The state's principal argument is that, although the claimant is a member of an enumerated group of state

[2] General Statutes § 31-307 provides in pertinent part: "If any injury for which compensation is provided under the provisions of this chapter results in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of his average weekly earnings at the time of the injury; but the compensation shall in no case be more than the maximum weekly benefit rate set forth in section 31-309 for the year in which the injury occurred. . . . No employee entitled to compensation under this section shall receive less than twenty per cent of the maximum weekly compensation rate, as provided in section 31-309, provided such minimum payment shall not exceed eighty per cent of the employee's average weekly wage, as determined under section 31-310; and such compensation shall not continue longer than the period of total incapacity. . . ."

Section 31-307 was amended by Public Acts 1991, No. 91-339, §§ 26 and 55. That amendment does not affect the appeal here.

employees whom the legislature intended to receive benefits under § 5-142 (a), he is not entitled to his full salary because he did not sustain his injury while in the performance of duties listed in § 5-142 (a). We agree with the state and, thus, reverse the decision of the compensation review division.

As a threshold matter, we note that there is no question that the claimant, as an employee of the department of correction, was a member of the class of employees whom the legislature intended to be eligible to receive benefits pursuant to § 5-142 (a). The sole issue presented in this appeal is whether the claimant received his work related injury under the circumstances that the legislature intended to be compensable under § 5-142 (a). In addressing this issue, we note that "[w]hen language used in a statute is clear and unambiguous, its meaning is not subject to modification or construction." *Cilley* v. *Lamphere,* 206 Conn. 6, 9–10, 535 A.2d 1305 (1988).

Examining the language of § 5-142 (a), we find that it allows certain state employees, including employees at correctional institutions, to have the enhanced benefit of full salary if such employee "sustains any injury while making an arrest or *in the actual performance of such . . . guard duties . . .* or while attending or restraining an inmate . . . or as a result of being assaulted in the performance of his duty . . . ." (Emphasis added.) In § 5-142 (a), the legislature specifically listed those duties that the employee would have to be performing when he or she sustained the injury in order to have the injury compensable pursuant to that statute. "The use of specific words to define acts . . . [that are required by statute] connotes the legislative intent to exclude that which is not specifically stated." *State* v. *Kish,* 186 Conn. 757, 765, 443 A.2d 1274 (1982). Thus, the unambiguous language of the statute requires that a claimant sustain his injury

while in the "actual performance of" enumerated duties, such as guard duties, in order to qualify for benefits pursuant to § 5-142 (a).

In the present case, the claimant concedes that he suffered his back injury by lifting a box of supplies while in the performance of his food preparation duties and clearly not while in the performance of a duty listed in § 5-142 (a). The claimant argues that he is entitled to the benefits pursuant to the statute because his duties as a food service supervisor include "guard duties."[3] We are not persuaded by this argument. The claimant's argument ignores the plain language in the statute requiring a state employee to be engaged "in the actual performance of" specified duties in order to qualify for enhanced benefits. That the claimant's job description lists "guard duties" as a potential responsibility has no bearing on his eligibility to collect § 5-142 (a) benefits when he was not actually engaged in the performance of those duties at the time of his injury.

Furthermore, in General Statutes § 5-142a,[4] which immediately follows § 5-142, the legislature clearly expressed its intent to provide benefits for any sheriff "while in performance of any duty for which he is compensated by the state." Had the legislature intended to provide the state employees listed under § 5-142 (a) the enhanced benefits for an injury received while in the performance of *any* duty, it would have so stated in the statute, just as it did in § 5-142a. "Related statutory provisions, or statutes 'in pari materia,' often

---

[3] In addition to food preparation, the claimant's duties include maintaining discipline and security, supervising inmates, quelling disturbances and assisting custodial forces in emergencies.

[4] General Statutes § 5-142a provides: "Any high sheriff, chief deputy sheriff, deputy sheriff or special deputy sheriff who suffers death, disability or injury, *while in performance of any duty* for which he is compensated by the state, shall, for the purposes of section 5-142 and chapter 568, be presumed to be an employee of the state and shall be compensated by the state in accordance with said section and chapter." (Emphasis added.)

provide guidance in determining the meaning of a particular word [or phrase]." *State* v. *Hill,* 201 Conn. 505, 515, 523 A.2d 1252 (1986).

The reliance on *Lucarelli* v. *State,* supra, by the compensation review division and the claimant is misplaced. In *Lucarelli,* a correction officer was injured when the chair on which he was sitting collapsed while he was performing his guard duties. The Appellate Court held that the claimant was entitled to full salary benefits because, under § 5-142 (a), he had to show only that he was injured in the performance of his guard duties, and not that the duties being performed at the time of the injury were "hazardous" in nature.[5] In the present case, there is no dispute that the claimant was injured while performing his food preparation duties, and not while performing guard duties.

The decision of the compensation review board is reversed and the case is remanded to the review division with direction to remand the case to the workers' compensation commission with direction to award the claimant benefits consistent with this opinion.

In this opinion the other justices concurred.