[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM FAMILY MAGISTRATE'S DECISION
Does an error in the sheriff's return designating the defendant as "Jr." rather than "Sr." deprive the superior court, family support magistrate division, of subject matter jurisdiction? This court answers this question no and rules the error does not render the proceeding void.
On March 9, 1992, the Commissioner of Human Resources instituted a child support enforcement proceeding on behalf of Alpreshia Wright against James Mitchell, Sr. The sheriff's return indicates that process was left at the abode of "James Mitchell, Jr." although all other documents constituting the process name the defendant as "James Mitchell, Sr."
On May 12, 1992, Family Support Magistrate Harris T. Lifshitz held a hearing on a paternity petition. Magistrate Lifshitz inquired about the inconsistent name on the sheriff's return and about service upon the defendant. The defendant testified that he received process at his home and did not contest the jurisdiction. Although Magistrate Lifshitz called the mistaken designation of "Jr." rather than "Sr." "a minor scribner's error," he held, however, that the court was without jurisdiction over the case. Magistrate Lifshitz stated on page 9 of the transcript of the hearing held on May 12, 1992:
 THE COURT: Well, the problem is, and I would be more than happy to try to accommodate the parties, if it were a question of a procedural error, in my view it is jurisdictional and we simply don't have jurisdiction whether Mr. Mitchell stands on the head of a pin and swears to everyone as he has done so that he got CT Page 6428 served with the papers. The person who has got to say that he was served says that he served James Mitchell, Junior, not this gentleman. And until that person who served him does, then we have a problem.
Nevertheless, the magistrate proceeded to hear testimony from the parties, and the respondent admitted paternity.
The appellant commissioner appeals the jurisdictional decision, arguing that the error in the sheriff's return does not deprive the court of subject matter jurisdiction and that the magistrate's decision is incorrect.
In appeals from final decisions of family support magistrates, the superior court may reverse for errors of law. Connecticut General Statutes 46b-231 (n)(7). The family support magistrate division courts are governed by the same rules of procedure as govern the superior court. Connecticut Practice Book 479A.
Connecticut General Statutes 52-54 authorizes service of process at the defendant's usual place of abode. The defendant did not receive defective process because all documents that were served upon him correctly state his name. It is noted that service upon the defendant was made at his usual place of abode thereby satisfying Connecticut General Statutes 52-54. The only error raised by the magistrate concerns the sheriff's return.
"The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989). "Our precedents make it abundantly clear that, except in the special circumstances of administrative appeals, defects in process do not deprive a court of subject matter jurisdiction." Id., 175 (failure to timely serve all defendants only affects personal jurisdiction, about which defendants waived the right to contest).
The irregularities in sheriffs' returns do not divest the court of subject matter jurisdiction. See Zarillo v. Peck,33 Conn. Sup. 676, 677, 366 A.2d 1165 (App. Sess.), cert. denied, 171 Conn. 731 (1976) (return did not contain date of delivery of the writ to the sheriff; defect could be cured by amendment); Lerch v. Belau, 29 Conn. Sup. 225, 230,280 A.2d 813 (Super.Ct. 1971) (mistaken use by sheriff of word "resident" in the return does not vitiate service).
Research reveals that defects in service or in process CT Page 6429 in civil actions only affect personal jurisdiction. See Hillman v. Greenwich, 217 Conn. 520, 524, 587 A.2d 99 (1991); Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431,434-35, 559 A.2d 1110 (1989); Bridgeport v. Debek, supra, 179-80; Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472,477-79, 418 A.2d 906 (1979).
Research reveals no cases, however, where defects of this nature in civil actions have deprived the trial court of subject matter jurisdiction. The defect in the sheriff's return does not divest the trial court, family support magistrate division, of subject matter jurisdiction and that, therefore, the magistrate improperly raised the defect sua sponte and improperly ruled that the court lacked subject matter jurisdiction.
The decision of the family support magistrate is reversed, and this case is remanded to the family support magistrate's division for further proceedings consistent with this decision.
EDWARD R. KARAZIN, JR., JUDGE