[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM FAMILY SUPPORT MAGISTRATE'S DECISION
Does a missing sheriff's return deprive the trial court of subject matter jurisdiction? This defect does not deprive the court of subject matter jurisdiction, and the magistrate's decision to enter a nonsuit is reversed.
The Commissioner of Human Resources filed a petition on behalf of Sabrina Hill against Rudolph Snead to establish the paternity of her minor child. On May 12, 1992, the family support magistrate, Harris Lifshitz, held a hearing on the petition. He inquired about the sheriff's return which was apparently missing from the court file.[1]
The respondent was present in court and admitted that he had in fact been served with the appropriate papers by the sheriff. Magistrate Lifshitz refused to accept the defendant's waiver of the return and entered a judgment of nonsuit on the ground that the defect deprived the court of jurisdiction. The commissioner appeals the decision, arguing that the lack of a sheriff's return does not deprive the court of subject matter jurisdiction.
"The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it." Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 728 (1989). Defects in process and in service of process do not affect subject matter jurisdiction, "except in the special circumstances of administrative appeals." Id., 179. Irregularities in sheriffs' returns do not divest the court of subject matter jurisdiction. See Zarillo v. Peck, 33 Conn. Sup. 676,677, 366 A.2d 1165 (App. Sess.), cert. denied, 171 Conn. 731
CT Page 6444 (1976) (return did not contain date of delivery of the writ to the sheriff; defect could be cured by amendment); Lerch v. Belau, 29 Conn. Sup. 225, 230, 280 A.2d 813 (Super.Ct. 1971) mistaken use by sheriff of word "resident" in the return does not vitiate service).
Research reveals no decisions holding that defects in service, process or return of process affect subject matter jurisdiction in civil actions. Because the defendant did not timely contest the lack of the sheriff's return, the magistrate improperly raised the issue sua sponte and incorrectly entered a judgment of nonsuit for lack of subject matter jurisdiction.
The decision of the family support magistrate is reversed, and this case is remanded to the family support magistrates division for further proceedings consistent with this decision.
EDWARD R. KARAZIN, JR., JUDGE