[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S THIRD-PARTY COMPLAINT
The plaintiff, John R. Branigan, Jr., commenced an action against the defendant, Josephine M. Kulak, in January, 1992. On March 9, 1992, the court granted the defendant's motion to implead a third-party defendant, Edward Januszewski. The defendant served Januszewski with a writ, summons and third-party complaint on March 20, 1992. Thereafter, the plaintiff served a third-party complaint upon Januszewski on March 31, 1992. The plaintiff's third-party complaint alleged one count of negligence and one count of breach of contract. An appearance was entered on Januszewski's behalf on April 7, 1992.
On May 6, 1992, the third-party defendant moved to dismiss the plaintiff's third-party complaint on the grounds that service of process was defective pursuant to General Statutes 52-45a and that it was served prior to the entry of an appearance by the third-party defendant in violation of General Statutes 52-102a(c). The motion was granted on June 12, 1992.
CT Page 8849 In granting the motion, Judge Berger stated that the third-party defendant's motion was "technically correct" because the plaintiff had filed the third-party complaint before an appearance was entered by the third-party defendant. (order, pleading #110.) Judge Berger added that an action against the third-party defendant should be brought pursuant to General Statutes 52-45a. (order, pleading #110.)
On July 10, 1992, the plaintiff, Branigan, served a third-party complaint on Januszewski alleging the same cause of action for negligence and breach of contract as was alleged in the plaintiff's previously dismissed third-party complaint. On July 23, 1992, the third-party defendant, Januszewski, moved to strike the plaintiff's third-party complaint on the grounds that it was defective because it was not served within twenty days of the third-party defendant's appearance as required by General Statutes 52-102a(c). Accompanying the motion was a memorandum of law. On July 29, 1992, the plaintiff filed a memorandum of law in opposition to the motion to strike. The plaintiff argues that the filing of the complaint after the twenty day period is allowed by General Statutes52-592.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). "The sole inquiry at this stage [of the pleadings] is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (Super. Ct. 1983).
The third-party defendant's basis for his motion to strike essentially raises a defense to the plaintiff's claim rather than a challenge to the legal sufficiency of the allegations. The third-party defendant does not argue that the factual allegations in the plaintiff's third-party complaint do not support the plaintiff's claims of breach of contract and negligence. Instead, the third-party defendant asserts in the motion that the plaintiff's complaint is barred due to its untimeliness. This assertion is raised more appropriately as a defense to the complaint than in a motion to strike the complaint. Therefore, the motion to strike is denied because it does not challenge the legal sufficiency of the pleadings.
CT Page 8850 The court notes that the above submitted disposition of the motion to strike would leave before the court a complaint which is technically untimely. According to General Statutes 52-102a(c), "[t]he plaintiff, within twenty days after the third-party defendant appears in the action, may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the original complaint. . . ." The plaintiff's second complaint against the third-party defendant was served more than eighty days after the third-party defendant's appearance. Notwithstanding, the plaintiff can proceed before the court with this technically untimely action.
General Statutes 52-123 states that "no . . . pleading . . . shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may rightly be understood and intended by the court." "It is not the policy of the courts to interpret rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects." Hartford National Bank and Trust Co. v. Tucker, 178 Conn. 472, 477-78, 418 A.2d 906 (1979).
The plaintiff's third-party complaint was previously dismissed for a technical violation of a filing statute. By the time the court had made that ruling of dismissal, the period for filing a complaint against the third-party defendant, as provided by General Statutes 52-102a, had expired. Notwithstanding, the plaintiff filed an "untimely" complaint against the third-party defendant.
This is the type of circumstantial defect that General Statutes 52-123 was meant to address and relieve. Further, allowing the complaint to proceed before the court does not prejudice the substantive rights of the third-party defendant who was on notice of the plaintiff's claim throughout the proceedings. Finally, the previous disposition, which emphasized that the dismissal was for "technical" reasons, did not foreclose a refiling of the complaint after the expiration of the twenty day time period.
Therefore, given the general policy of the court to save complaints from failure for technical defects when to do so would not prejudice the rights of another party to an action, the court concludes that the plaintiff's complaint CT Page 8851 should proceed despite its technical untimeliness.
JOSEPH H. GOLDBERG SENIOR JUDGE