[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS #104
This is a claim for personal injuries brought by the plaintiff, Robert Shircliff, against the defendant, Karolyn Mazzaro, resulting from an automobile accident in 1993. The defendant has filed this motion to dismiss claiming lack of personal jurisdiction based on insufficient "abode" service at North Main Street Waterbury. The defendant, unmarried at the time of the accident, lived at North Main Street in Waterbury, but was married in October of 1994, changed her name and moved to Naugatuck in August of 1994. She was not residing at the North Street address when she was served with this process in June of 1995. It is also undisputed that she had not informed the Motor Vehicle Department of her change of address prior to the time this process was left at the North Main Street address. The plaintiff argues that this action should not be dismissed because the North Main Street, Waterbury address was the home address on file with the Connecticut Department of Motor Vehicles (DMV) at the time of service that she is required by statute to keep her current address on file with the DMV. It is the plaintiff's claim that the defendant should be estopped from now claiming that the service of process was improper because of her failure to change her address with DMV.
"Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and CT Page 4255-E giving notice." Smith v. Smith, 150 Conn. 15, 20, 183 A.2d 848
(1962); Gluck v. Gluck, 181 Conn. 225, 226, 435 A.2d 35 (1980). General Statutes § 52-57 indicates the manner abode service should be conducted, and provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." "The chief purpose of abode service is to ensure actual notice to the defendant that the action is pending. . . . Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriff's return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise. . . . The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. . . ." [Citations omitted; internal quotations omitted.] Collins v. Scholz,34 Conn. Sup. 501, 502-03, 373 A.2d 200 (1976).
The plaintiff's estoppel argument, in an almost identical fact situation with the instant case, was considered and rejected by Judge Teller[1] in Nevins v. Moretti, Superior Court, judicial district of New London at Norwich, Docket No. 09 49 57,4 Conn. L. Rptr. 244 (July 2, 1991) (Teller, J.) who commented "[t]he purpose of Connecticut General Statutes Section 14-45 is to identify drivers and facilitate communicating with them . . . The purpose of that statute (Sec. 14-45) is not to provide an alternative method for service of process." Id. The court finds that this well reasoned opinion should be adopted in this case for the same reasons as stated by Judge Teller.
The General Statutes § 52-63 provides that a plaintiff can serve process upon the Commissioner of Motor Vehicles as agent for the operator, if the operator of the motor vehicle's present whereabouts are unknown, and the operator has caused an injury to either person or property. Proper service under General Statutes § 52-63 must be made by leaving a copy of the writ and summons with the Commissioner, and by sending a copy of the writ and summons by registered mail to the last address on file with the DMV. A party attempting service by this method must certify to the court that "he has made a diligent effort to obtain service at the address of the owner or operator on file in the motor vehicle department and has been unable to make such service." General Statutes § 52-63(d). There is no evidence that the deputy sheriff who "served" the defendant attempted to CT Page 4255-F make service under § 52-63.
The defendant was not living at North Main Street Waterbury at the time service was attempted. There was no evidence that in spite of this fact the defendant maintained an "abode" at that address. Service was not made in the alternate under Connecticut General Statutes Section 52-63. The defendant's motion questioning the court's jurisdiction is proper. ChryslerCredit Corp. v. Fairfield Chrysler-Plymouth, 180 Conn. 223, 226,429 A.2d 478 (1980). The court will therefore grant the defendant's Motion to Dismiss.