[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principle issue presented by the motion to dismiss this action, which claims damages for the negligent operation of a motor vehicle in this state, is whether abode service of the summons and complaint could be served at the defendant's address on file with the department of motor vehicles notwithstanding that the address is no longer his usual place of abode, where the defendant had become a resident of another state without notifying the commissioner of motor vehicles of his new address, as required by General Statutes § 14-45. This court holds that the defendant may not be so served.
The complaint alleges that on November 1, 1995, the plaintiff was injured when the motor vehicle he was operating was struck by another motor vehicle owned or leased by the defendants Federal Express Corporation and Fleetmark, Inc. and operated by the defendant Stephen N. Grannis (the defendant). At the time of the collision, the defendant resided at 596 Central Avenue in New Haven.
On September 29, 1997, the plaintiff purported to commence this action by making abode service on the defendant at 596 Central Avenue, New Haven. The deputy sheriff's return states that he made abode service on the defendant at that address.
The defendant has moved to dismiss this action, claiming that the address at which he was served is not his usual place of abode and that the court, therefore, does not have personal jurisdiction over him. In support of that motion, the defendant filed an affidavit sworn to before a Florida notary public. According to his affidavit, he has been a resident of Florida since March, 1996.
 I
"`The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber, 11 Conn. 234, 238 [1836].' Cohen v.Bayne, 28 Conn. Sup. 233, 237 [257 A.2d 38 (1969)]." Collins v.Scholz, 34 Conn. Sup. 501, 502, 373 A.2d 200 (App. Sess. 1976). "Where an officer attests that the place where the summons was served was the defendants' usual place of abode, he is attesting to a fact which, unlike the fact of personal or in-hand service, is CT Page 1708 ordinarily not within his own personal knowledge. Four LakesManagement Development Co. v. Brown, 129 Ill. App.3d 680, 684,472 N.E.2d 1199 (1984). Accordingly, the rule that an officer's return is only prima facie evidence of the facts stated therein and may be contradicted by showing the facts to be otherwise is particularly applicable where the validity of abode service is challenged. See Cugno v. Kaelin, 138 Conn. 341, 343, 84 A.2d 576
(1951)." Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370, 576 A.2d 603
(1990).
"When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard TallowCorporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983). "The court's determination of the jurisdictional issue must be based only on the evidence presented at the hearing and the defendant['s] affidavit in support of the motion may not be considered as evidence to support [his] claim that the court lacks jurisdiction. Collins v. Scholz, [supra, 34 Conn. Sup. 506 n. 2]."Uyen Phan v. Delgado, supra, 41 Conn. Sup. 370.
At the hearing on the motion to dismiss, the plaintiff called the deputy sheriff as a witness. The deputy sheriff testified that he went to 596 Central Avenue in New Haven twice. No one answered the door. He then inquired of the mail carrier as to whether the "Grannis family" still resided at that address. He was told that they did. The deputy sheriff inquired of the Department of Motor Vehicles which confirmed that 596 Central Avenue was the defendant's last known address. The deputy sheriff then made abode service at that address. While certain of these statements are hearsay, they were admitted without objection. "When hearsay statements have come into a case without objection they may be relied upon by the trier, `in proof of the matters stated therein, for whatever they were worth on their face.' Sears v. Curtis,147 Conn. 311, 317, 160 A.2d 742 (1960); Danahy v. Cuneo,130 Conn. 213, 217, 33 A.2d 132 (1943)." Volck v. Muzio, 204 Conn. 507,518, 529 A.2d 177 (1987).
In addition, the plaintiff introduced a self-authenticating computer print-out of the department of motor vehicles, attested to by a division chief,[1] produced in response to a subpoena dues tecum dated January 14, 1998 and served the following day. That document evidences that at the time of service, the defendant's mailing CT Page 1709 address was 596 Central Avenue, New Haven, Ct., and that his driver's license expired on January 26, 1998. That date is subsequent to the date of service of process in this action but one week prior to the hearing on the defendant's motion. However, on that record, the "residence" address of the defendant is blank. That document also evidences that the defendant is forty-five years old. The complaint alleges that at the time of this accident in 1995, the defendant was operating a motor vehicle within the scope of his employment with the Federal Express Corporation.
While it is a close question in view of the defendant's bare-bones affidavit and his failure to appear and testify personally, he court finds that the plaintiff has not sustained his burden of proving that the defendant's usual place of abode at the time of service was 596 Central Avenue, New Haven, Ct. In reaching this finding, the court has considered the unlikelihood that a forty-five year old person, formerly a driver for Federal Express, would allow his Connecticut motor vehicle operator's license to lapse unless he held a current operator's license from another state.
 II
That, however, does not end the matter. The plaintiff contends that the defendant cannot claim that an address other than that on file with the department of motor vehicles is his usual place of abode or residence because he failed to comply with General Statutes § 14-45.[2] The defendant, on the other hand, claims that the plaintiff was required to serve him pursuant to General Statutes § 52-62.[3] General Statutes § 52-62, entitled "Service upon nonresident in action for negligent operation of motor vehicle," provides in subsection "a": "Any nonresident of this state who causes a motor vehicle to be used or operated upon any public highway or elsewhere in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from the alleged negligence of the nonresident or his agent or servant in the use or operation of any motor vehicle upon any public highway or elsewhere in this state may be served upon the commissioner and shall have the same validity as if served upon the nonresident personally." Subsection "d" provides that "the term nonresident" includes a person who is a resident of this state at the time a cause of action arises and who subsequently moves to another jurisdiction. "Process in such CT Page 1710 a civil action against a nonresident shall be served by the officer to whom the process is directed upon the Commissioner of Motor Vehicles by leaving with or at the office of the commissioner, at least twelve days before the return day of the process, a true and attested copy thereof, and by sending to the defendant or his administrator, executor or other legal representative, by registered or certified mail, postage prepaid, a like true and attested copy, with an endorsement thereon of the service upon the commissioner, addressed to the defendant or representative at his last-known address." General Statutes §52-62 (c). "The obvious purpose of this section was to afford a means by which the equivalent of personal service might be made upon a nonresident although he was not actually within the State." Coombs v. Darling, 116 Conn. 643, 646, 166 A. 70 (1933).
Various statutes require that a person seeking an operator's license provide his or her address. See, e.g., General Statutes §§14-44c(1), 14-44d(1); Regs. Conn. State Agencies § 14-35-4a(a). General Statutes § 14-45 (a) also provides that "[a] person holding a license for the operation of a motor vehicle issued by the commissioner shall notify the commissioner within forty-eight hours of any change of his address. The notification shall include his old address and his new address." A failure to give the notice required by this section is an infraction. General Statutes §14-45 (c).
The plaintiff presented evidence, and the court finds, that the defendant did not notify the commissioner of his change of address and, on the day he was served with process in this action, still maintained a Connecticut operator's license for which 596 Central Avenue, New Haven, Ct. was the designated mailing address. The defendant violated General Statutes § 14-45. See State v.Plaskonka, 22 Conn. App. 207, 210, 577 A.2d 729, cert. denied,216 Conn. 812, 580 A.2d 65 (1990); see also State v. Torma,21 Conn. App. 496, 502, 574 A.2d 828 (1990) ("Regardless of the defendant's ignorance of the law, he remained obligated under General Statutes § 14-45 to notify the commissioner of his change of address.").
General Statutes § 52-57 (a) provides: "Except as otherwiseprovided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." (Emphasis added.) The proviso modifies the entire statute. Cf. Sanzone v. Board of Police Commissioners,219 Conn. 179, 190, 592 A.2d 912 (1991). CT Page 1711
The legislature has "otherwise provided" in several other statutes. Two such statutes are General Statutes §§ 52-62, 52-63. General Statutes § 52-62 provides for service of process on a nonresident who caused injury while operating a motor vehicle in this state. The term "nonresident" by statutory definition "includes a person who is a resident of this state at the time a cause of action arises and who subsequently moves to another jurisdiction." General Statutes § 52-62 (d).
General Statutes § 52-63 provides for the method of effecting service of process on a person where it is "impossible" to make service on him at the last address on file with the Department of Motor Vehicles.[4] Impossible is a strong word, although it has been "construed . . . as meaning `not reasonably practical.'" Stanco v.Lewis, 33 Conn. Sup. 49, 50, 360 A.2d 138 (1976) (David M. Shea,J.); see also Carter v. Trumpler, Superior Court, judicial district of Fairfield, No. 333155 (Oct. 16, 1996). Service on a person at his last address on file with the department of motor vehicles would be impossible if (1) the officer were unable to obtain sufficient access into a structure in order to make proper service, (2) the defendant no longer resided at the address or maintained it as an abode, or (3) no such address existed.
"We must presume that the legislature . . . acted in view of existing relevant statutes and with the intention of creating one consistent body of law; and where there is a reasonable field of operation for each statute which does not impinge on the domain of the other, it is the court's duty to give them concurrent effect." Budkofsky v. Commissioner of Motor Vehicles,177 Conn. 588, 592, 419 A.2d 333 (1979). Thus construing General Statutes §§ 52-62, 52-63, the former applies where a nonresident defendant has complied with General Statutes § 14-45 or is otherwise known to the plaintiff to be residing at a particular place outside of the state. The latter, § 52-63, applies where the defendant has not complied with General Statutes §14-45 or where it is otherwise "impossible" to serve him at the last address on file with the department.
Thus, the legislature has addressed the scenario where a resident of the state causes an injury in the state by the operation of a motor vehicle and establishes another residence outside of the state before service of process, without complying with General Statutes § 14-45. "The legislature's use of words to itemize the situations that bring a statute into play connotes the CT Page 1712 legislative intent to exclude that which is not included. Stuart v.Dept. of Correction, 221 Conn. 41, 601 A.2d 539 (1992); State v.Kish, 186 Conn. 757, 765, 443 A.2d 1274 (1982)." McNulty v.Stamford, 37 Conn. App. 835, 840, 657 A.2d 1126 (1995). To be sure, the statutory scheme is imperfect. The plaintiff or his attorney "must learn at his peril" whether or not a defendant still resides at the address on file with the department of motor vehicles.Hartley v. Vitiello, 113 Conn. 74, 80-81, 154 A. 255 (1931). The legislature has dealt with the deficiencies in the statutory scheme interstitially. See Public Acts 1975, No. 75-153; Public Acts 1961, No. 192; Public Acts 1957, No. 162; Lerch v. Belau,29 Conn. Sup. 225, 228, 280 A.2d 813 (1971); Hammond v. Parker,20 Conn. Sup. 193, 198-99, 129 A.2d 793 (1956).
"`Where a particular method of serving process is pointed out by statute, that method must be followed. . . .'" Fitzsimmons v.International Association of Machinists, 125 Conn. 490, 493,7 A.2d 448 (1939); see Cohen v. Bayne, 28 Conn. Sup. 233, 237, 257 A.2d 38
(1969); Stilwell v. Gaffney, 5 Conn. Cir. 594, 598, 259 A.2d 655 (1969). This court cannot now write a statute which provides that a plaintiff may serve another person at the address on file with the department of motor vehicles even though that address is not his usual place of abode. "`Courts cannot, by construction, read into statutes provisions which are not clearly stated.'"Glastonbury v. Gillies, 209 Conn. 175, 179, 550 A.2d 8 (1988), quoting Robinson v. Guman, 163 Conn. 439, 444, 311 A.2d 57 (1972). Courts cannot "read into the terms of a statute something which manifestly is not there in order to reach what the court thinks would be a just result." Johnson v. Manson, 196 Conn. 309, 315,493 A.2d 846 (1985), cert. denied, 474 U.S. 1063, 106 S.Ct. 813,88 L.Ed.2d 787 (1986); State v. Malm, 143 Conn. 462, 467, 123 A.2d 276
(1956). "We must construe the act as we find it, without reference to whether we think it would have been or could be improved by the inclusion of other provisions. Murphy v. Way, 107 Conn. 633, 639,141 A. 858. State v. Nelson, 126 Conn. 412, 416, 11 A.2d 856."Houston v. Warden, 169 Conn. 247, 252, 363 A.2d 121 (1975).
The plaintiff relies on Nevins v. Silva, Superior Court, judicial district of New London at Norwich, No. 98712 (June 4, 1992). The court finds that case inapposite. In Nevins v. Silva,
the court held that where an action failed because abode service was made at the address on file with the department of motor vehicles, but the defendant had moved, a subsequent action could be brought under the Accidental Failure of Suit Statute, General CT Page 1713 Statutes § 52-592. In the prior action, Nevins v. Moretti,
Superior Court, judicial district of New London at Norwich, No. 94957 (July 2, 1991), the court (Teller, J.) rejected the plaintiff's claim of estoppel based on the defendant's failure to comply with General Statutes § 14-65. Accord Shercliff v.Mazzaro, Superior Court, judicial district of Waterbury, No. 127199 (16 Conn. L. Rptr. 630, 633) (May 9, 1996)(Pellegrino, J.)
Yet, in our neighboring state of New York, the law is to the contrary. A defendant is estopped from contesting abode service of process made at the address listed in her license at the scene of an accident if he or she does not thereafter notify the Department of Motor Vehicles of a change of address. Williams v. Yassky,199 App.Div.2d 18, 604 N.Y.S.2d 568-69 (1993); Harrington v. Dickinson,159 App.Div.2d 876,553 N.Y.S.2d 219, 220, appeal dismissed, 76 N.Y.2d 935,563 N.Y.S.2d 63, 564 N.E.2d 673 (1990). "[E]stoppel always requires proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury. Moreover, it is the burden of the person claiming the estoppel to show that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of acquiring that knowledge." Boyce v.Allstate Insurance, 236 Conn. 375, 385-86, 673 A.2d 77 (1996). Because the plaintiff did not distinctly raise a claim of estoppel, however, this court is precluded by Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 204, 658 A.2d 559 (1995), from entertaining it.
Because the address at which the deputy sheriff served the defendant was not his usual place of abode and because no other service was made on the defendant, the court has acquired no jurisdiction over him. Robertson v. Robertson, 164 Conn. 140, 143,318 A.2d 106 (1972); Cugno v. Kaelin, supra, 138 Conn. 343. For this reason, the defendant's motion to dismiss is granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court