## DWORKIN v. SPECTOR MOTOR SERVICE, Inc. (WRIGHT, Third Party Defendant).

### No. 1052.

District Court, D. Connecticut.

Jan. 11, 1944.

David Goldstein, of Bridgeport, Conn., for plaintiff Dworkin.

Philip R. Shiff, of New Haven, Conn., for defendant and third party plaintiff Spector.

Pullman & Comley and J. Kenneth Bradley, all of Bridgeport, Conn., for third party defendant Wright.

SMITH, District Judge.

What purports to be a special appearance has been entered for the third-party defendant, Wright, for the purpose of filing a motion to dismiss and pleading to the jurisdiction of the court. Three grounds for dismissal for lack of jurisdiction are set forth: (1) that it does not appear that the defendant and third-party plaintiff has made any formal motion for leave to serve

the summons and complaint on the third-party defendant.

It appears from the file that a motion to bring in the third-party defendant was filed on October 25, 1943, and was entered by the court ex parte on that date. The answer was filed on November 5, 1943, so that it would appear that the filing and granting of the motion ex parte was prior to the answer and in compliance with Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The second (2) ground for dismissal is a failure to allege or make it appear that diversity of citizenship exists between Spector, defendant and third-party plaintiff, and Wright, third-party defendant.

Diversity of citizenship need not be pleaded in a third-party complaint since the third-party action is ancillary to the original action and diversity of citizenship is not required. See Vol. I Moore 779 ff (14.08). The motion to bring in the third-party defendant indicates that the third-party defendant is a citizen of Illinois, the original complaint indicates that the plaintiff is a citizen of Connecticut, and the third-party plaintiff a corporation of Missouri.

The third (3) ground for dismissal for lack of jurisdiction is failure of service on the third-party defendant. The return shows a service purported to be based on Section 5473, General Statutes of Connecticut, Revision of 1930. The service is attacked on the ground that it does not appear that the third-party defendant is now, or was, a non-resident of Connecticut. However, as pointed out above, it is alleged in the motion to bring in the third-party defendant that Wright is a resident of the town of Brookfield in the state of Illinois, which may meet the requirement of Section 5473. The other ground for attack on the service raises what appears to be a valid objection that the complaint shows that, at the time of the alleged injury, the motor vehicle in question was being operated on a private driveway and not on a public highway, which latter is a requirement of the statute permitting substituted service on the Motor Vehicle Commissioner in any civil action brought against a non-resident on account of any claim for damages resulting from the alleged negligence of such non-resident or his agent or servant in the operation of any motor vehicle upon any public highway in this state. The statute apparently contemplates the appointment of the commissioner as attorney and permission to serve the commissioner as such attorney only where the negligent operation was upon a public highway. Substituted service in the manner shown by the return is, therefore, invalid.

Therefore, on hearing in open court on December 20, 1943, it was ordered that the third-party complaint be dismissed, and it was further ordered that permission be granted anew to file and have served against Wright a third-party complaint in this action.