Evelyn L. Holt v. Edmund A. DeHay

Superior Court        Hartford County        File No. 131715

Memorandum filed February 5, 1963

*John K. Raissi*, of Windsor Locks, and *Howard, Kohn, Sprague & FitzGerald*, of Hartford, for the plaintiff.

*Courtney, Mansfield, Sullivan & Ripley*, of Hartford, for the defendant.

COTTER, J. The plaintiff alleges that she was employed at the East Windsor Drive-In Theatre as a ticket seller behind a ticket booth and that the defendant, owner and operator of a Plymouth car, struck the booth, injuring her.

Plaintiff sought to obtain jurisdiction by service on the defendant through the motor vehicle commissioner under § 52-63 of the General Statutes, which provides for constructive or substituted service of process where a defendant has left the state prior to commencement of the action or is not found at his recorded address. The defendant filed a plea in abatement challenging such service, alleging that the accident happened on private property. The plaintiff filed a demurrer to this plea, claiming in effect that if negligence occurs on a public highway the service is proper.

It has been construed that such substituted or constructive service in the case of a nonresident motorist upon the commissioner of motor vehicles in an action for negligent operation of an automobile (§ 52-62) must be strictly construed since it is in derogation of the common law. The plaintiff must show that the automobile was operated on a public highway in Connecticut and that the damages or injuries were caused by the negligence of the defendant in the operation of the motor vehicle on a Connecticut public highway. *Tyler* v. *Barry,* 18 Conn. Sup. 290. The nonresident motorist statute could not be used to obtain service in an action arising from an accident occurring on a private driveway, and the substituted service on the nonresident defendant was held invalid. *Dworkin* v. *Spector Motor Service, Inc.,* 3 F.R.D. 340 (D. Conn. 1944); see annotation as to place of motor vehicle accident as affecting applicability of statute providing for constructive or substituted service upon nonresident motorist, 73 A.L.R.2d 1351. The language in both statutes is identical as to the place of the accident, so that cases decided under § 52-62 can apply to § 52-63.

Nowhere does the plaintiff allege that the motor vehicle was being operated on a public highway when the alleged negligence occurred, so the service upon the defendant in the instant case is invalid as the pleadings now stand.

The demurrer to the plea in abatement is overruled.