ELODIEN J. LARRIVEE ET AL. *v.* JAMES T. McGANN

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 30623
AT WATERBURY

Memorandum filed February 28, 1967

*Joseph Protter,* of Waterbury, for the named plaintiff.

*G. Bradford Palmer* and *Carmody & Torrance,* of Waterbury, for the plaintiff The Reymond Baking Company.

*William B. Fitzgerald,* of Waterbury, specially appeared for the defendant.

MEYERS, J. In the instant plea in abatement, the defendant claims that this court does not have jurisdiction in personam of him because of the failure of the service in this cause to be made in accordance with General Statutes § 52-62 or § 52-63. Section

52-62 sets out the conditions and requirements necessary to effectuate valid constructive or substituted service of process on a nonresident in an action for negligent operation of a motor vehicle upon any public highway of this state. Section 52-63 provides, in an action for such a cause, for similar service on a motor vehicle operator or owner who is not found at his recorded address.

The file contains a stipulation of the parties dated November 30, 1966, which includes facts relative to the purported service, locus of the accident involved, and the traffic controls in that area. The defendant, a resident of this state on the date of the collision complained of, moved to Yonkers, New York, prior to the institution of this suit against him on February 17, 1966. Service of process was made on the motor vehicle commissioner of Connecticut, and a true and attested copy of the original writ, summons and complaint was sent by registered mail to Yonkers, New York. The return of the officer, Francis J. Chilone, deputy sheriff for Hartford County, annexed to that which was returned to this court, does not contain a certification by the officer that he made diligent search to obtain service on the defendant at his last address on file in the motor vehicle department. A further stipulation in open court gave the last pertinent addresses of the defendant to be 138 Dix Road, Wethersfield, and 166 Woodycrest Road, East Hartford. The return fails also in that it does not recite that the officer was unable to make such service as required.

The statute, § 52-62, by which substituted or constructive service can be made upon a nonresident motorist in a negligence action involving damages resulting from the operation of an automobile on a public highway of this state, does not apply to a defendant who resided here at the time of the acci-

dent. In such circumstances, no jurisdiction in personam may so be acquired. *Stern* v. *Mottram,* 20 Conn. Sup. 406, 411 (1957). Section 52-62 need not be further examined.

In the brief of the plaintiff The Reymond Baking Company, owner of the vehicle which was damaged and which the named plaintiff was operating, it is contended that service was made in accordance with § 52-63, which is entitled, and deals with, "Service on motor vehicle operator or owner not found at his recorded address." This statute provides that in the event it is impossible to make service of civil process upon a defendant owner or defendant operator of a vehicle driven on a public highway at his last address on file in the motor vehicle department, or if the person sought to be served has left the state prior to commencement of the action or his present whereabouts is unknown, certain specific steps are to be taken as are therein set out in order that substituted or constructive service be accomplished. Section 52-63 provides, inter alia, that service may be made by leaving with, or at the office of, the commissioner of motor vehicles a true and attested copy of the writ, summons and complaint in such civil process, bearing the officer's certification thereon to the effect that in spite of diligent search to obtain service at the defendant's last address on file in the motor vehicle department such service could not be effected. A further provision of § 52-63 obliges the officer having such process for service to send, by registered or certified mail, a true and attested copy of the writ, summons and complaint to the defendant at his last address on file in the motor vehicle department.

Apart from the admitted service upon the motor vehicle commissioner, the requirements of § 52-63 have not, here, been complied with. This court

cannot agree that the absence of the officer's certification and the failure to act in accordance with the clear requirement of mailing are to be considered of no significance because the certification and the mailing would be either "futile gestures" or "formalistic or meaningless actions," or because the defects are circumstantial within General Statutes § 52-123 or amendable under § 52-72. As to the claimed futility of compliance with the required mailing provision in all its detail, it is conceivable that if there had been compliance the forwarding of the notice could have occurred. This reasonable possibility the legislature, too, might well have had in mind when it included the requirement in § 52-63. Stephenson, Conn. Civ. Proc. § 4g. If we assume, arguendo, that the absence of the requisite certification is an amendable defect or even that the omission was waived by the filing of the special appearance by the defendant, the more serious and determinative fact remains and presents itself in the complete failure to comply with the mailing provision of § 52-63. It is fundamental that an amendable defect appears in the process itself and not in its service. *Hyde* v. *Richard,* 145 Conn. 24, 26 (1958).

The constitutionality of such statutes as § 52-63 is, in our era, no longer in question. *Hess* v. *Pawloski,* 274 U.S. 352 (1927). It is necessary, however, that such laws contain, as this one does, provisions designed to, and which will, make it reasonably probable, all circumstances considered, that notice of the institution and pendency of an action will be communicated to the person sought to be affected. The requirement of mailing, as it appears, is just such a safeguard and cannot be held lightly. Where substituted or constructive service is provided for, the leaving of a copy of the writ, summons and complaint with or at the office of the commissioner

and the sending of a copy to the defendant, addressed to his last address on file in the motor vehicle department, are both a part of the service of process and are joined so that it is evident that the legislature considered them parts of one act. *Hartley* v. *Vitiello,* 113 Conn. 74, 79 (1931). A statute such as § 52-63, existing in derogation of common law as to the service of process and the obtaining of jurisdiction in personam, must be strictly complied with to secure the benefits sought and intended by the legislation. 61 C.J.S. 150, Motor Vehicles, § 502 (a); 8 Am. Jur. 2d, Automobiles and Highway Traffic, § 850. Further, in the matter of constructive service not only must there be strict compliance with statutory requirements but the facts showing such compliance must appear of record. *Carter* v. *Carter,* 147 Conn. 238, 243 (1960).

Though the foregoing is considered to include sufficient reason for sustaining the plea in abatement, consideration is now given to the request by counsel that there also be a determination made as to plaintiffs' claim that the accident took place on a public highway. The defendant contends that the statutes herein referred to are inapplicable for the reason that operation on a public highway is not involved and that therefore another ground exists for his position that the service as made was a nullity. He relies on the stipulated fact concerning the locus of the collision and that it was in what he claims to be the private parking lot of the Colonial Shopping Plaza in Waterbury.

The plaintiffs argue that the road upon which the motor vehicle collision complained of took place was provided for, was open to and was used by the customers of the many stores and business establishments located in the Colonial Shopping Plaza. Further, the plaintiffs say that the posted speed

limits within the plaza area were established by the city of Waterbury pursuant to authorization by the state traffic commission and that an operator violating certain motor vehicle statutes within the area could be prosecuted therefor. There is little question as to these facts. It must be kept in mind, however, that § 14-219 of the General Statutes covers in the alternative such authority to regulate the flow of traffic as is here claimed, in language as follows: "The traffic authority of any town, city or borough may establish speed limits on streets, highways and bridges *or* in any parking area for ten cars or more wholly within the municipality under its jurisdiction . . . ." (Italics supplied.) The statutory definition of parking area which follows in § 14-219a is of the same tenor and, in addition, may not and does not seek to control the right of the owner to charge for the use of the facilities on his land. "As used in section 14-219 . . . 'parking area' means lots, areas or other accommodations for the parking of motor vehicles off the street or highway and open to public use with or without charge." § 14-219a.

The plaintiffs claim that the road in question had been dedicated to public use, that in a real sense it constituted a public highway, and that the fact that it may have been privately owned is of no relevance. It has not here been demonstrated that the area where the road is located is a place, as is a public highway, to which the public has a right to go and the use of which the public has the right to have, under reasonable restrictions at all times. As to the claimed lack of relevance of the private ownership of the area, it follows from that ownership that the control and operation of the road, with all the pertinent rights and privileges incident to private ownership, including a right to bar anyone from the use of the road or to forbid its use entirely, if

such a course is found desirable by the owners or parties in possession, cannot be disturbed or interfered with except by agreement or by justifiable and constitutional statutory enactment.

The situation in New York was formerly precisely the same as here in that, in statutes similar to those here, the limiting words were "on such a public highway," and those words constituted the basic reason for the result in that state, which was the same as is here indicated. *Finn* v. *Schreiber,* 35 F. Sup. 638 (1940). Several amendments were made to the New York statute beginning in 1942. By 1959, it was held that § 52 of the New York Vehicle and Traffic Law, the statute effecting a purpose similar to our §§ 52-62 and 52-63, was applicable to an accident which occurred on private property, for the New York statute then required only that the vehicle be used or operated "in the state." *Kennelly* v. *Secord Transportation Co.,* 173 F. Sup. 247 (1959); *Raspante* v. *Trans. Supply & Management, Inc.,* 214 N.Y.S.2d 583, aff'd sub nom. *Frank Bonomo & Co.* v. *Trans. Supply & Management, Inc.,* 11 App. Div. 2d 1090 (1960); see *Miner* v. *Bettendorf,* 2 App. Div. 2d 951 (N.Y. 1956).

It appears to this court that, as to the road within the Colonial Shopping Plaza where the collision occurred, there are absent vital indicia as to its being a "public highway" within the meaning of § 52-63. It does not qualify, from the facts available to this court, as a road, street, alley or appurtenance which has been laid out and erected by public authority, that is, the public. It seems pertinent that the road, built privately, is neither dedicated nor abandoned to the public, nor has it so been adjudicated, nor is it a part of the state highway system, nor has it been accepted by the municipal government of Waterbury. The statutory inclusion does

not extend to private parking areas. *Holt* v. *DeHay,* 24 Conn. Sup. 172, 173 (1963); *Tyler* v. *Barry,* 18 Conn. Sup. 290 (1953); *Brauer Machine & Supply Co.* v. *Parkhill Truck Co.,* 383 Ill. 569 (1943); *Kelley* v. *Koetting,* 164 Kan. 542 (1948); note, 148 A.L.R. 1217.

Though it has not been suggested, it may be assumed that the vehicle operated by the defendant was operated on at least one public highway before coming onto the plaza parking area. Such a concession, however, gives no aid in the direction of compliance with either our nonresident or our unfound motorist substituted service of process statutes.

The attention of the court has been directed to *Bertrand* v. *Wilds,* 198 Tenn. 543 (1955), wherein the accident complained of took place on a driveway of a federal veterans' hospital. The Court of Appeals of Tennessee subsequently declared that the question was "put to rest" in that case. *Dixie Feed & Seed Co.* v. *Byrd,* 52 Tenn. App. 619, 625 (1963). But whether the statute in effect in *Bertrand* (Tenn. Code § 8671 [1934]) or that involved in *Dixie Feed* (Tenn. Code Ann. § 20-224 [1956]), giving the courts of Tennessee jurisdiction over nonresident owners or operators, is considered, it appears that neither enactment is like ours in a particularly vital respect. The key words in these statutes of this sister state are "on highway or highways within the state." Therefore, and if for no other reason, the court in *Bertrand* stated (p. 549): "It must be conceded that the statute contemplated an accident upon some highway of the State. But it does not purport to limit its application to highways leading from town to town and recognized as a public highway, but rather to any *traveled roadway* within the State. Moreover, the statutory

definition of 'highways' includes any 'public highway,' 'driveway' or 'street' under the control of the State or Federal Government, or 'opened to public travel *or other use.*' It thus appears that if we are confined to the statutory definition, as herein quoted, it conclusively appears that a 'highway' includes any 'street, avenue, driveway, parkway, * * * [*that is*] *opened to public travel or other use.*'" From that here quoted, a fundamental difference in the pertinent statutes of Connecticut and Tennessee is clearly evident.

This court concludes that the road as mentioned in the stipulation and therein declared to be "within the Colonial Plaza, a large, privately owned shopping center within the City of Waterbury," is not to be considered as a "public highway."

As previously indicated, and for the reasons stated, the instant plea in abatement is sustained. Judgment may enter accordingly.