MICHAEL N. STANCO *v.* IRENE M. LEWIS ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 165695

Memorandum filed April 12, 1976

*Weisman & Weisman, Rosnick, Kaplan, Crean & Jellinghaus,* for the plaintiff.

*Tomaro & Covill,* for the defendants.

DAVID M. SHEA, J.  At the argument of this motion the plaintiff relied on two claims of error in the charge as grounds for the relief requested.

The court charged the jury with respect to the claim of a violation of the portion of General Statutes § 14-251 which provides that "[n]o vehicle shall be permitted to remain stationary within the limits of a public highway in such a manner as to constitute a traffic hazard or obstruct the free movement of traffic thereon, provided a vehicle which has become disabled to such an extent that it is impossible or impracticable to remove it may be permitted to so remain for a reasonable time . . . ." The court refused the plaintiff's request to charge that there was no evidence that the defendant's car fell within the exception for disabled vehicles.

The plaintiff claims that the word "disabled" in the statute is limited to mechanical defects of the car itself which render it incapable of being moved under its own power. It was clear from the evidence that the defendant's car was not mechanically disabled, although its position with its front end on the grass median close to the metal barrier and its rear projecting out into the passing lane made it necessary to back the car further out into the travel lanes before it could proceed. The court instructed the jury that in considering whether the car had become disabled to the extent that it was impossible or impracticable to remove it they might consider not only its mechanical condition but also whether the car could have been removed with reasonable safety under the circumstances and without creating a danger greater than that which existed.

There is no Connecticut authority on this question of which the court is aware. In other states having similar statutes there is a division of authority. Annot., 15 A.L.R.2d 909. Most of the cases indicate that many factors in addition to the mechanical condition of the car, such as the width and condition of the shoulder of the road, weather conditions, and the nature and size of the highway, "all enter into the determination of whether a particular vehicle is disabled." Id., 911. Even where the statutes contain only the word "impossible" in the exception, the courts have construed that word as meaning "not reasonably practical." *Capital Motor Lines* v. *Gillette,* 235 Ala. 157, 160; *Boger* v. *Kellner,* 239 Iowa 1189, 1191. The question has usually been left to the jury. Very few of the cases have adopted the position of the plaintiff that an automobile is disabled only when it cannot be moved under its own power. *Morris* v. *Fitzwater,* 187 Ore. 191, 196.

The use of the word "impracticable" as well as "impossible" in § 14-251 implies that other factors besides the mechanical condition of the car are involved in deciding whether the exception applies. The court is bound to seek a sensible interpretation of legislation, and where a vehicle is in such a position on a highway that it could not be removed without creating a greater danger, a party ought not to be found guilty of negligence for having chosen the wiser alternative in the absence of a clear expression of the legislative will to the contrary.

The other request to charge which the plaintiff claims was refused, contained in a supplementary request relating to contributory negligence, was substantially covered in the charge although not in haec verba.

The motion to set aside the verdict is denied.