[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 29, 1996
On February 28, 1996, the plaintiff, Timothy Maas, filed a one-count complaint against the defendant, Joseph D. Coleman. The plaintiff alleges that on February 24, 1994, he was injured when the car he was operating was involved in a collision with a car owned and operated by the defendant. The plaintiff alleges further that the collision was the result of the defendant's carelessness and negligence.
Annexed to the complaint is the sheriff's return of process, which states that although the sheriff made a diligent search, he was unable to find the defendant at 137 Clapboard Ridge Road, Danbury, Connecticut, the address on file at the Commissioner of Motor Vehicles. Additionally, the sheriff's return states that on February 23, 1996, the sheriff made service on the defendant by leaving a copy of the writ, summons and complaint at the Office of the Commissioner of Motor Vehicles, and by mailing a copy of the same to the defendant, by certified mail with return receipt requested.
On March 29, 1996, the defendant filed a timely motion to dismiss the plaintiff's complaint for lack of personal jurisdiction. On June 27, 1996, the plaintiff objected to the motion to dismiss and filed a memorandum of law in opposition. The parties filed supplemental memoranda in support of their positions.
On July 24, 1996, the court conducted an evidentiary hearing. The defendant testified that in February 1995, he resided at 137 Clapboard Ridge Road, and that, although he temporarily resided elsewhere, he always intended to return to this address. He also testified that 137 Clapboard Ridge Road was always his mailing address as well as the address on file with the Department of CT Page 5204-GGGG Motor Vehicles. Additionally, the defendant testified the police report concerning the subject accident listed his address as 137 Clapboard Ridge Road.
Sheriff Fennel testified that in February 1995, he attempted to serve the defendant at 137 Clapboard Ridge Road but there was nobody present at that address. The sheriff also testified that he contacted SNET to obtain a listing for the defendant, but that SNET had no listing for a Joseph Coleman at 137 Clapboard Ridge Road. Finally, the sheriff testified that he stopped at the address twice on the same day, finding nobody there.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § 142." Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). "One who is not served with process does not have the status of a party to the proceeding. . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. Earth Garden Florist, Inc., 28 Conn. App. 73,77, 609 A.2d 1057 (1992). Accordingly, a "motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 143.
The defendant argues that this court does not have personal jurisdiction over him because the plaintiff failed to effect proper service under General Statutes § 52-57(a). The plaintiff argues that the defendant was properly served pursuant to General Statutes § 52-63(b).
General Statutes § 52-57(a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes § 52-63(b) provides for substituted service "on a motor vehicle operator . . . by leaving a true and attested copy of the writ, summons and complaint at the office of the commissioner of motor vehicles . . . and by sending such a true and attested copy . . . by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file at the motor vehicle department if (1) it is impossible to make service of process at the owner's last address on file in the motor vehicle department, and (2) the operator has caused injury to the person or property of another." CT Page 5204-HHHH
The defendant argues that § 52-63(b) does not apply because service upon the defendant at his last address on file at the motor vehicle department was not impossible. In support of this argument, the defendant has submitted his own affidavit, in which he states that throughout the month of February of 1996 he was residing at 137 Clapboard Ridge Road, Danbury, Connecticut.
In opposing this motion, the plaintiff relies upon the sheriff's return and the sheriff's affidavit. In his affidavit, the sheriff states that he made a diligent effort to serve the defendant at 137 Clapboard Ridge Road, Danbury, Connecticut, but was unable to complete service. In his return, the sheriff indicates that he was unable to complete service because he could not find the defendant.
The sheriff has made it clear through his return and affidavit that in-hand service was not possible because the defendant could not be found at 137 Clapboard Ridge Road. Nevertheless, § 52-57(a) provides for both in-hand and abode service, and neither the sheriff's return nor his affidavit explain why abode service was not possible. Additionally, the sheriff did not testify at the hearing regarding the impossibility of abode service. In fact, the sheriff testified that he was present at 137 Clapboard Ridge Road on two occasions.
"`Abode' for purposes of General Statutes § 52-57(a) is the place where the defendant would most likely have knowledge of service of process and is generally recognized as the place where he is living at the time of service." Grayson v. Wofsey. Rosen,Kweskin and Kuriansky, 40 Conn. Sup. 1, 3, 478 A.2d 629 (1984). "Temporary absence does not destroy what would otherwise be a `usual place of abode' if there is an intent to return to that abode . . . Stephenson, Connecticut Civil Procedure, Sec. 24 at 79." Source One Mortgage Service Corp. v. Puglisi, Superior Court, judicial district of New Haven at Meriden, Docket No. 247755, 14 CONN.L.RPTR. 378 (June 9, 1995) (Silbert, J.).
The Commissioner of Motor Vehicles listed the defendant's address as 137 Clapboard Ridge Road. The police report also contained this address. The defendant testified that he presently resides at 137 Clapboard Ridge Road and that he resided there at the time of the accident and at the time of service. The defendant also testified that although he temporarily resided elsewhere, he still received his mail at 137 Clapboard Ridge Road CT Page 5204-IIII and that he always intended to return there. The fact that SNET did not have a listing for the defendant has no impact on whether 137 Clapboard Ridge Road is his abode.
When service was made in February 1995, the defendant maintained a place of abode at 137 Clapboard Ridge Road, Danbury, Connecticut, and accordingly, abode service was not impossible. "A statute such as § 52-63, existing in derogation of common law as to the service of process and the obtaining of jurisdiction in personam, must be strictly complied with to secure the benefits sought and intended by the legislation. 61 C.J.S. 150, Motor Vehicles, § 502(a): 8 Am.Jur.2d, Automobiles and Highway Traffic, § 850." Larrivee v. McGann,26 Conn. Sup. 508, 227 A.2d 809 (1967). Therefore, service pursuant to § 52-63(b) was not proper. The defendant's motion to dismiss for lack of personal jurisdiction is granted.
BALLEN, J. CT Page 5205