[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Since there appears to be no question that abode service was not properly made pursuant to General Statutes § 52-57 (a), the plaintiff seeks to invoke General Statutes § 52-63 (a), which is in derogation of the common law and with which there must be strict compliance. Larrivee v. McGann, 26 Conn. Sup. 508, 512,227 A.2d 809 (1967). That subsection, merely states that an operator shall be deemed to have appointed the commissioner of motor vehicles as his agent and to have agreed that process may be served on the commissioner "as provided in this section. . . ." Subsection `a' of § 52-63 does not state when process may be served on the commissioner of motor vehicles. Subsection `b' does. It provides that such process may be served on the commissioner "if (1) it isimpossible to make service of process at the operator' s last address on file in the motor vehicle department, and (2) the CT Page 8203 operator has caused injury to the person or property of another." (Emphasis added.)
The plaintiff claims that service upon the defendant at his last address on file with the motor vehicle department could not have been made because process was presented to the Fairfield County sheriff for service; however, the last address on file with the motor vehicle department was in New Haven county. The Fairfield County sheriff was without jurisdiction to serve process in New Haven under the circumstances of this case. However, since the plaintiff admits that it was not "impossible" for a sheriff to have made service of process at the defendant's last address on file in the motor vehicle department, the motion to dismiss is granted.[1]
Dated at Bridgeport, this 16 day of October, 1996.
Bruce L. Levin Judge of the Superior Court