[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Eric Niskanen, brings this action for injuries and losses sustained when the motor vehicle in which he was driving was struck from behind by the vehicle owned and operated by the defendant, Tod Koen.
On July 14, 1998, the defendant moved to dismiss the complaint on the grounds that the plaintiff lacks personal jurisdiction over the defendant due to insufficient service of process. The defendant also filed a memorandum of law in support.
On November 24, 1998, the plaintiff filed a motion in opposition and a supporting memorandum of law.
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407,410, 722 A.2d 271 (1999) CT Page 8856
The defendant argues that he was not personally served nor served at his usual place of abode. Moreover, the defendant argues that there is no indication that substitute service was made by serving the original writ, summons and complaint upon the Commissioner of Motor Vehicles and, therefore, the plaintiff has failed to serve process as required under Connecticut Law.
In opposition, the plaintiff argues that proper substitute service was made in compliance with General Statutes § 52-63.[1]
Process must be served either personally on a defendant or at his usual place of abode. General Statutes § 52-57. General Statutes § 52-63 provides an alternate means of process on an allegedly negligent driver if it is impossible to make service of process at the operator's last known address on file in the Department of Motor Vehicles.
Impossible is a strong word, although it has been construed "as meaning not reasonably practical." (Internal quotation marks omitted.) Stanco v. Lewis, 33 Conn. Sup. 49, 50, 360 A.2d 138
(1976). "Service on a person at his last address on file with the department of motor vehicles would be impossible if (1) the officer were unable to obtain sufficient access into a structure in order to make proper service, (2) the defendant no longer resided at the address or maintained it as an abode, or (3) no such address existed." Piorkowski v. Federal Express Corporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 405352 (February 6, 1998, Levin, J.).
In the present case, the sheriff's return indicates that on May 30, 1998, the sheriff attempted to obtain service at the address of the defendant on file in the motor vehicle department, being 495 Laurel Hill Road, Apt. # 5F, Norwich, CT, but was unable to make such service. Moreover, the defendant, by way of affidavit, swears that he has not resided at 495 Laurel Hill Road, Apt. # 5F, Norwich, CT, since May 1, 1997, but instead, now resides at 98 Flanders Road, Niantic, CT.
Hence, when service of process was made by the sheriff on May 30, 1998, the defendant no longer resided at the Laurel Hill address, and as a result, service upon the defendant at this address was rendered impossible.
Nevertheless, the defendant argues that he notified the Connecticut Department of Motor Vehicles of his change of CT Page 8857 residence as of September of 1997. The question presented is what was the last address on file on May 30, 1998, when the sheriff made service.
The court has before it the sheriff's return of process wherein the sheriff attests that on May 30, 1998, the address on file at the office of the Motor Vehicle Commissioner of the State of Connecticut was the Laurel Hill address.
The court credits this testimony, and therefore, the court will proceed to determine whether service of process was made in compliance with General Statutes § 52-63. Cf Lucarelli v.Cianciolo, Superior Court, judicial district of Waterbury, Docket No. 120229 (October 7, 1994, Flynn, J.).
General Statutes § 52-63 (d) provides that if service of process is made at the office of the Commissioner of Motor Vehicles, the officer making such service shall certify on the process that he has made a diligent effort to obtain service at the address of the owner or operator on file in the motor vehicle department.
The sheriff's return of process fulfills the requirements of General Statutes § 52-63 (d) by virtue of the sheriff's certification, wherein he states that he "made diligent search a throughout [his] precincts to locate the within named defendant, Tod A. Koen [,] but could not find said defendant at the address on file at the office of the Motor Vehicle Commissioner of the State of Connecticut, being 495 Laurel Hill Road, # 5F, Norwich, CT 06360."
Lastly, under General Statutes § 52-63 (b) service of process is to be made by "leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the Department of Motor Vehicles. . . ." General Statutes § 52-63 (b)
Here, the sheriff's return indicates that the sheriff made service on the defendant within the statutory period by leaving an original copy of the writ, summons and complaint at the Office of the Commissioner of Motor Vehicles, and by mailing a copy of CT Page 8858 the same to the defendant, by certified mail, postage prepaid with return receipt requested to the defendant's last known address.
This court finds that service was made in accordance with General Statutes § 52-63. Accordingly, the motion to dismiss is denied.
Mihalakos, J.