[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO DISMISS BASED, INTER ALIA, ON HAGUE CONVENTION
This is a negligence action stemming from a three car collision on October 8, 1998. Defendants Dung Sau Ho and Tran Hung have filed a motion to dismiss this action predicated upon their claim of insufficiency of service of process. In the complaint, plaintiff Ralph Forlano claims that the accident resulted from defendant Dung Sau Ho's negligent operation of defendant Tran Hung's vehicle. The plaintiff alleges that while he was stopped at a red light, his vehicle was struck suddenly and without warning from the rear by a vehicle driven by defendant Sujit Patel, whose vehicle had just been struck from the rear by one driven by defendant Dung Sau Ho. Plaintiff Ralph Forlano claims that he sustained numerous physical injuries which may be permanent in nature. The plaintiff further claims that he incurred substantial expenses for medical care and treatment of the injuries.
Plaintiff Ralph Forlano commenced this action against defendants Dung Sau Ho and Tran Hung on September 21, 2000 by serving the defendants with process pursuant to Connecticut General Statute § 52-63. Defendants Dung Sau Ho and Tran Hung have filed a motion to dismiss for lack of personal jurisdiction due to insufficiency of such process.
Defendant Dung Sau Ho claims that service of process pursuant to CT Page 2464 Connecticut General Statute § 52-63 was not proper, and that proper service would have required following the process mandated by the Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638 (1968) (hereafter the Hague Convention). Defendant Tran Hung claims that service of process pursuant to Connecticut General Statute § 52-63 was not proper, and that proper service should have been made in accordance with C.G.S. § 52-57.
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied in the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1998). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book 10-31. "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Delio v. Earth GardenFlorist, Inc., 28 Conn. App. 73, 77, 609 A.2d 1057 (1992). Dung Sau Ho did not reside in Connecticut, but was a resident of Ontario, Canada when he attempted to serve process in the United States. Because the court finds that defendant Ho is a resident of Canada, Connecticut General Statute § 52-63 is inappropriate for service of process.[1]
Connecticut General Statute § 52-59d embraces the Hague Convention and states in relevant part that
 civil process shall not be served outside of the United States of America in violation of any applicable treaty or convention, including without limitation, the Hague Convention on Service of Process Abroad.
"One of the two stated objectives of the Hague Convention is to create appropriate means to ensure that judicial and extra judicial documents to be served abroad shall be brought to the notice of the addressee in sufficient time." Volkswagenwerk Aktiengesellschaft v. Schlunk,486 U.S. 694, 702-03, 708 S.Ct. 2104, 100 L.Ed.2d 722 (1988) "The Hague Convention is a multilateral treaty which creates a uniform method for service of documents between nationals of different countries." Leandresv. Mazda Motor Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 351600 (November 12, 1999, Melville, J.).
Canada and the United States are both signatories to the Hague Convention, and in accordance with Article Two. CT Page 2465
The court now shall address defendant Dung Sau Ho's motion to dismiss. Defendant Dung Sau Ho maintains that, in as much as she is a resident of Canada plaintiff Forlano was required to follow the procedures set forth in the Hague Convention for service of process abroad. The threshold issue to be determined is whether the plaintiff had notice that defendant Dung Sau Ho was a resident of Canada. Defendant Ho was carrying a license from Ontario, Canada, as was indicated on the Hamden Police Report of the motor vehicle accident. This report, dated October 8, 1998, lists defendant Ho's address as "Ontario", in the column marked state. It also lists in the address column "1700 Dixwell Avenue, Hamden, Connecticut". The report does not indicate whether this address is specific to a residence or a place of employment. Further in support of the proposition that the plaintiff was on notice of defendant Ho's residence abroad is the affidavit prepared by Deputy Sheriff Esposito regarding the commencement of service on October 10, 2000, which states as to said defendant that her
 last known address was 1700 Dixwell Avenue, Hamden, CT which in fact is a Chinese restaurant with no such individual located there. Also, the defendant, Dung Sau Ho has an out of state license which I am unable to verify an address on. After a diligent search through my precincts and unable to establish a residence for Dung Sau Ho, I served the Commissioner of the Department of Motor Vehicles pursuant to C.G.S 52-63 and mailed a certified copy of the writ, summons and complaint to his last known address of 1700 Dixwell Avenue, Hamden, CT.
The court finds, based on information in the police report and information in the affidavit of Deputy Sheriff Esposito, that the plaintiff was aware and was placed on notice that defendant
 Each contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other contracting States, and to proceed in conformity with the provisions of articles 3 to 6. Each State shall organize the Central Authority in conformity with its own law.
In accordance with the Hague Convention, Canada requires that service be made, in the French or English language, on the central authority of Ontario.[2]
Defendant Tran Hung's motion to dismiss is also based upon a claim of CT Page 2466 insufficiency of process, however he does not argue that process should have been made according to treaties governing service abroad. Defendant Tran Hung argues that he is a resident of Connecticut, and that service of process should have been made in accordance with Connecticut General Statute § 52-57 (a). This statute provides that for residents of Connecticut, process in civil actions shall be served by leaving a true and attested copy, including the declaration or complaint, with the defendant, or at his usual place of abode.
The plaintiff contends that he was entitled to serve process pursuant to Connecticut General Statute § 52-63, due to the impossibility of service of process upon defendant Tran Hung under C.G.S. § 52-57
(a). In order for service of process to be made under this service statute, it must be shown that service under Connecticut General Statute § 52-57 was impossible. Connecticut General Statute § 52-63
states in relevant part
 (c) Service of civil process may be made on the owner of a motor vehicle registered under the provisions of chapter 246 by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles at least twelve days before the return day and by sending such a true and attested copy at least twelve days before the return day, by registered or certified mail, postage prepaid and return receipt requested to the defendant at his last address on file in the Department of Motor Vehicles if(1) it is impossible to make service of process at the owner's last address on file in the Department of Motor Vehicles, (2) the owner has loaned or permitted his motor vehicle to be driven by another, and (3) the motor vehicle has caused injury to the person or property of another.
 (d) If service of process is made at the office of the Commissioner of Motor Vehicles pursuant to subsection (b) or (c) of this section, the officer making such service shall certify on the process that he has made a diligent effort to obtain service at the address of the owner or operator on file in the Department of Motor Vehicles and has been unable to make such service.
"Impossible is a strong word although it has been construed as meaning not reasonably practical." (Internal quotation marks omitted) Stanco v.Lewis, 33 Conn. Sup. 49, 50, 360 A.2d 138 (1976). The plaintiff has not CT Page 2467 shown that service was impossible. In the plaintiff's memorandum in opposition to the motion to dismiss, the plaintiff states that Deputy Sheriff Esposito could not establish defendant Tran Hung's address as her residence. The memorandum does not disclose that there was a diligent effort to locate the apartment of defendant Tran Hung, by acknowledging that the Deputy Sheriff knew that the address was within an apartment complex. The Deputy Sheriff stated the following in his affidavit which accompanied the plaintiff's memorandum:
. . . I was unable to establish his residence and therefore after a diligent search throughout my precincts, I served the Commissioner of Motor Vehicles . . . and and mailed a . . . copy of the writ, summons and complaint to his last known address of 485 Campbell Avenue, # 21, West Haven, CT.
The statement of counsel for the plaintiff, and the affidavit of Deputy Sheriff Esposito are inconsistent with the requirements of Connecticut General Statute § 52-63 and leave open the question as to why the Deputy Sheriff did not go into the complex to establish defendant Tran Hung's residence. "A statute such as C.G.S. § 52-63, existing in derogation of common law as to the service of process and the obtaining of jurisdiction in personam, must be strictly complied with to secure the benefits sought and intended by the legislation." Larrivee v. McGann,26 Conn. Sup. 508, 227 A.2d 809 (1967).
The court hereby grants the motion to dismiss as to both defendant Dung Sau Ho and defendant Tran Hung, for the reason that the court lacks personal jurisdiction due to insufficiency of service of process.
___________________, Judge Clarance J. Jones