[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Raymond Moses, Jr., filed a complaint on June 15, 2001, alleging that on May 14, 1999, the defendant, Barbara Kunst, drove her CT Page 13798 car into the plaintiff's car while he stopped for a traffic light. The plaintiff claims that the defendant's negligence caused the collision that resulted in his injuries.
On July 16, 2001, the defendant moved to dismiss the plaintiff's complaint on the ground of insufficiency of service of process pursuant to General Statutes § 52-63. The defendant has filed a memorandum in support of her motion to dismiss, but the plaintiff has not filed a memorandum in opposition.[1]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a). "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in original; internal quotations marks omitted.) Bridgeport v. Debek,210 Conn. 175, 179-80, 554 A.2d 728 (1989). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v.Connecticut Yankee Greyhound Racing, Inc., 59 Conn. App. 224, 234-35,755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
In support of the motion, the defendant argues that the plaintiff, through the state marshall's return and affidavit, has failed to establish that personal or abode service pursuant to General Statutes § 52-57 was impossible so that substituted service pursuant to General Statutes § 52-63 was justified. Specifically, the defendant states in her affidavit that she has continuously resided at 39 Montoya Drive in Branford since May 18, 1998, and that on August 11, 2000, her driver's license was renewed, which listed the same address as her address of abode. She attaches a photocopy of her license bearing the same address since 1998. The defendant argues that it was not impossible for the state marshall to serve her either personally or at the last address filed with the commissioner of motor vehicles because she has continuously resided at the same address. She argues further that plaintiff's attorney knew her address because it was clearly stated on the writ and summons. The defendant also argues that the state marshall failed to certify on the return of process that he had made a diligent CT Page 13799 effort to obtain service at the address of the defendant and that he had been unable to make such service, as required under General Statutes § 52-63.
General Statutes § 52-57 (a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." General Statutes § 52-63 (b) provides for substituted service "on a motor vehicle operator . . . by leaving a true and attested copy of the writ, summons and complaint at the office of the Commissioner of Motor Vehicles . . . and by sending such a true and attested copy . . . by registered or certified mail, postage prepaid and return receipt requested, to the defendant at his last address on file in the Department of Motor Vehicles if (1) it is impossible to make service of process at the operator's last address on file in the Department of Motor Vehicles, and (2) the operator has caused injury to the person or property of another."[2]
The term "impossible" has been construed "as meaning not reasonably practical." Niskanen v. Koen, Superior Court, judicial district of New London at New London, Docket No. 546907 (July 6, 1999, Mihalakos, J.);Stanco v. Lewis, 33 Conn. Sup. 49, 50, 360 A.2d 138 (1976). "Service on a person at his last address on file with the department of motor vehicles would be impossible if (1) the officer were unable to obtain sufficient access into a structure in order to make proper service, (2) the defendant no longer resided at the address or maintained it as an abode, or (3) no such address existed. Niskanen v. Koen, supra, Superior Court, Docket No. 546907; Piorkowski v. Federal Express Corporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 405352 (February 6, 1998, Levin, J.).
In this case, the return of the state marshall, Joseph D. Nardini, states simply that he used the substituted service pursuant to § 52-63
by leaving a copy of the writ, summons and complaint, "along with an affidavit of diligent search, with [his] doings thereon endorsed," at the office of the commissioner of motor vehicles. His return does not explain why the regular service pursuant to § 52-57 was "impossible."
The plaintiff's motion to dismiss on the ground of insufficiency of service is granted because the plaintiff has failed to show that regular service pursuant to § 52-57 was impossible for the state marshall and that he had made a "diligent effort" to serve the defendant personally or at her address of abode filed with the department of motor vehicles. Because the return of the state marshall has not shown why he could not serve the defendant pursuant to § 52-57, the plaintiff has failed to CT Page 13800 show that the substituted service pursuant to § 52-63 is justified. See Couloute v. Foley, Superior Court, judicial district of Hartford, Docket No. 0577697 (October 20, 1998, Wagner, J.) (holding that the sheriff must expressly note that he has made a "diligent effort" to obtain process in the certification of service, as required by § 52-63
(d).
By the Court,
Howard F. Zoarski Judge Trial Referee