[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
Claiming a lack of personal jurisdiction, the defendant Isidro Gonzalez-Aguillon — or, more precisely, his attorney — has moved to dismiss the action as to him. The plaintiff claims that service was proper pursuant to both § 52-62 and § 52-63 of the General Statutes. The facts are largely undisputed, although not the range of permissible inferences and the application of law.
The plaintiff is the conservator of the estate of one Juan Torres, who allegedly was rendered quadriplegic in an accident on July 17, 2000. The defendant Gonzalez allegedly backed a van being operated as a farm vehicle over the plaintiff while both were in the employ of the defendant Millane Nurseries, Inc. Gonzalez left the area on the day of the accident and has not been located despite considerable effort by both parties. Traditional personal service has been impossible. The issue for resolution is whether service pursuant to § 52-62 and/or § 52-63
has been effective.
Section 52-62 (a) of the General Statutes provides that any nonresident who causes a motor vehicle to be used or operated in this state shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action brought against him on account of any claim for damages resulting from alleged negligence of the nonresident may be served on the commissioner. Section 52-62 (d) provides that the term "nonresident" includes a person who is a resident at the time of the accident and who "subsequently moves to another jurisdiction".
Section 52-63 of the General Statutes provides that any operator or owner of a motor vehicle "at the time of the issuance of his license or registration" shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that process in a civil CT Page 247 action against him on account of any claim for damages resulting from negligence in the operation of a motor vehicle may be served on the commissioner, even though the person has since left the state or his present whereabouts are unknown.
I find the following facts, which either have been agreed to by the parties or are found in or inferred from other sworn documents submitted in connection with this motion. Gonzalez, as mentioned above, was operating the van on July 17, 2000, at the time of the accident. At the time, Gonzalez was an employee of Millane Nurseries. He worked for Millane from November 8 to the time of the accident, with a hiatus of approximately two months in the winter. When he was hired by Millane, he was not an American citizen, but rather was a resident alien. Gonzalez apparently spoke only Spanish. On his employment form, he indicated that he had seven dependents. Another employee of Millane thought that he spoke Spanish with a Mexican accent. Millane hires a number of people from outside Connecticut.
At the time of the accident, and for sometime prior, Gonzalez lived, with some other Millane employees, probably of Mexican descent, at 90 West Street in Cromwell, Connecticut. Gonzalez did not have a Connecticut operator's license, was not a voter in Connecticut and did not own property in Connecticut. The parties do not know where he is and do not know if he is alive. Significant efforts have been made to trace Gonzalez, especially in California and Texas. It is difficult to trace people in Mexico. The social security number which he used was issued in Puerto Rico.
There has been no attack on the mechanics of service by the marshal; that is, if Gonzalez fits into the category of people included in either § 52-62 or § 52-63, then there is personal jurisdiction. It is also true that the presumption of regularity accorded to the sheriff's (now, marshal's) return extends only to the sheriff's efforts, and that the hearsay statements in the sheriff's affidavits regarding efforts to locate Gonzalez do not as a result of being in the form of an affidavit by a marshal receive the imprimatur of credibility. Compare Hartley v.Vitiello, 113 Conn. 74 (1931).
It is also clear that § 52-63 does not apply to the facts of this case. The clear language of § 52-63 that "at the time of issuance of his license or registration [an operator or owner] shall be deemed to have appointed the Commissioner . . . and to have agreed [to service upon the Commissiner]." There is no indication that Gonzalez ever had any license or registration issued to him, and thus under the terms of this statute could not have been deemed to have appointed the Commissioner as an agent for service. See also Lerch v. Belau, 29 Conn. Sup. 225, 230
CT Page 248 (1971). To the extent that DiPietro v. Tarter, 302 F.2d 611 (1St Cir. 1962), holds to the contrary, I note that it is nonbinding federal authority on an issue of state law and I disagree with its apparent holding.
The remaining question is whether personal jurisdiction was properly obtained pursuant to § 52-62 of the General Statutes. This section provides for service upon the commissioner of motor vehicles in situations where nonresidents are sued for negligence in the operation of a motor vehicle in this state, and the term "nonresident" is extended to apply to residents at the time of the accident who become nonresidents prior to commencement of the action. The issue for resolution, then, is whether Gonzalez is a nonresident at the time of commencement of the action.
Ordinary aids for the resolution of the issue are not very helpful. There is authority for the proposition that statutes in derogation of traditional means of obtaining personal jurisdiction, normally personal or abode service, are to be strictly construed; see, e.g., Larrivee v.McGann, 26 Conn. Sup. 508 (1967); Forlano v. Ho, 2001 Ct. Sup. 2463
(2001); there also is language to the effect that the statutes expanding means of service in the automobile context are remedial and ought to be construed liberally to effect their purpose. See, e.g., Layden v. AgencyRent-A-Car, Inc., 1993 WL 265524. The defendant also argues that because § 52-63 expressly provides for effective service even if the putative defendant is in parts unknown, and § 52-62 does not, then a conclusion may be drawn that § 52-62 does not apply where a person's whereabouts are unknown. I agree that there is some merit to the defendant's position, but the narrow statutory issue is whether the plaintiff has proved, by a preponderance of the evidence, that Gonzalez was a nonresident at the time of the commencement of the action. Being a nonresident and having whereabouts unknown are not necessarily inconsistent.
In determining this issue, I assume that the plaintiff bears the burden, by a preponderance, and I decline to give special credence to any of the affidavits in this regard simply because they are submitted on the issue of personal jurisdiction. I find the following facts, which are either facts reliably stated in the affidavits or logical inferences therefrom. Gonzalez was not a Connecticut native and had little lasting connection with the state. He was a a recent hiree who lived essentially in a rooming house. He was a resident alien, though the social security number he used had been issued in Puerto Rico. He had seven dependents in November, 1999, and none of them lived here with him (presumably had any dependents lived at 90 West Street that fact would have been presented). He did not speak English. He left his residence in Connecticut on the same day that he was involved in a very serious accident and never CT Page 249 returned to the job or to the residence, although he apparently was owed some wages. I am not considering the hearsay and somewhat speculative statements of other employees that he had left the state and similar hearsay presented in some of the affidavits. He has not been located in Connecticut, despite a search. There is a strong, though not necessarily conclusive, inference that Gonzalez has left Connecticut and is a nonresident. The inference is especially persuasive in that there is no evidence suggesting that he has remained in Connecticut, and there seem to be no ties which would hold him to Connecticut. The narrow application of the statutory language compels a finding, by a preponderance of the evidence submitted, that the "nonresident" status has been proved and § 52-62 is thus satisfied.
Finally, I find no constitutional infirmity. There is no significant difference between the situation at hand and many applications of the motor vehicle statutes providing for substitute service on the commissioner, and indeed many "long-arm" provisions. As a perhaps grossly general principle, when one drives in a state one submits oneself to jurisdiction in that state, and jurisdiction is usually not avoided by later absenting oneself
The motion to dismiss is denied.
Beach, J.