[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS #105
This matter came before the court in a motion to dismiss filed by Janvincent Benevento, the defendant driver in the negligence case arising from a motor vehicle accident that occurred on December 10, 1999. The ground asserted in the motion to dismiss is that the service process on the defendant was insufficient and that this court lacks personal jurisdiction over him.
The original motion to dismiss challenged both the Marshal's service and the propriety of service under § 52-63.
Section 52-63 provides in pertinent part as follows:
 "(a) Any operator or owner of a motor vehicle at the time of issuance of his license or registration shall be deemed to have appointed the Commissioner of Motor Vehicles as his attorney and to have agreed that any process in any civil action against him on account of any claim for damages resulting from his alleged negligence. . . in the operation of any motor vehicle in the state may be served upon the commissioner . . . and shall have the same validity as if served upon the owner or operator personally, even though, his present whereabouts is unknown."
An amended return by the Marshal has mooted any attack on the mechanics of the service, however, the defendant argues that he does not fit into CT Page 9894 the category of people included in § 52-63 and that therefore service was not proper and the court lacks personal jurisdiction. Specifically, the defendant maintains that he has never been a licensed motor vehicle operator or a registered owner of a vehicle, and therefore, was never deemed to have appointed the commissioner of motor vehicle his attorney.
Discussion
The plaintiff argues that § 52-63 should be construed to apply to both licenses and holders of motor vehicle identification cards. Unfortunately for the plaintiff's position, there is absolutely nothing in the statute which would lead one to believe that it applies to identification cards. The plaintiff also argues that it would be illogical to conclude that a licensed driver can be served under the statute but an unlicensed driver could not. This argument, while having a certain appeal, ignores the clear language of the statute. The application of § 52-63 a to an unlicensed driver has recently been considered by Judge Beach, in Hyde v. Gonzalez-Aguillon,2002 Conn. Sup. 246 (2002).
Judge Beach wrote:
 "It is clear that § 52-63 does not apply to the facts of this case. The clear language of 52-63 that `at the time of the issuance of his license or registration [an operator or owner] shall be deemed to have appointed the Commissioner . . . and to have agreed [to service upon the Commissioner].' There is no indication that Gonzalez ever had any license or registration issued to him, and thus under the terms of this statute could not have been deemed to have appointed the Commissioner as an agent for service."
The court agrees with the interpretation of the statute contained inHyde.
However, in the case before the court it is not entirely clear whether the defendant ever had a license or registration issued to him. First, there is an uncertified copy of a computer database printout, evidently compiled by a private investigation company, purporting to show a complete list of all members of the defendant's family who own motor vehicles in Connecticut. The defendant's name does not appear on the list and the defendant asserts that this proves he was never a registered vehicle owner. Second, there is a certified abstract of the defendant's driving history record, provided by the department of motor vehicles. The defendant contends that this history reveals citations for "operating a CT Page 9895 motor vehicle without an operator's license" and that these infractions evidence his lack of a valid driver's license. Finally, there is an uncertified copy of an unofficial driving history that appears also to have been compiled by a private company and provides another list of defendants' driving violations.
However, a close reading of the driving history raises questions that undermine the defendant's assertion that he is not nor ever has been a licensed driver in the state of Connecticut. The printout of the defendant's driving history contains information suggesting that he may have had a license at the time of the accident. The history indicates that following a conviction for reckless driving on March 8, 2000, the defendant's "license privilege" was "suspended" for approximately one month until such license was restored on April 28, 2000. The history goes on to indicate that on March 14, 2001, the defendant was convicted for another statutory violation resulting in a second suspension of his license. The accident that is the subject of this actions is alleged to have occurred on December 10, 1999, three months before his license was first suspended. This sequence of events raises the possibility that the defendant could have been a licensed driver at the time of the accident or in the past. When personal jurisdiction is challenged by an appropriate motion, our Supreme Court has recognized that "the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service is used." Standard Tallow Corp. v. Jowdy,190 Conn. 48,54 (1983). "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Id. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id at 56. The court commonly orders a hearing with respect to the issues of fact pursuant to Standard Tallow and permits the defendant to reclaim a motion at such hearing. See, Matto v. Dermatopathology Associates of NewYork, 55 Conn. 592, 594 (1999). The court finds that a Standard Tallow
hearing is necessary in the present case because the record currently before the court does not contain enough information to determine whether the defendant is a party who can properly be served pursuant to §52-63.
At the Standard Tallow hearing, the burden of proof is on the plaintiff to prove jurisdiction over the person when constructive service has been used. Standard Tallow, supra 190 Conn. 54. The plaintiff has a burden of proving that the service of process, as effectuated upon the commissioner, was sufficient or in other words, that the defendant had been a licensed driver in Connecticut at some time. CT Page 9896
"To meet this burden [the plaintiff] must do more than merely rely on conclusory allegations in their complaint. Instead [the plaintiff] must make at least a prima facie showing of jurisdiction through their own affidavits or supporting materials . . . ." Progressive NW Ins. Co. v.Rothgeb, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 00 0270747 (October 11, 2000, Robinson, J). "There should be no presumption of the truth of the plaintiff's allegation of the additional facts necessary to confer jurisdiction." Standard Tallow, supra, 190 Conn. 53.
The plaintiff is ordered to file a motion requesting a Standard Tallow
hearing. Such motion shall be filed on or before September 30, 2002. If the defendant has not received a motion by that date, he may file an additional pleading attesting to that fact and referring to this order. Upon such additional pleadings appearance on the short calendar, in the absence of the filing of proof of compliance by the time of such appearance, this matter will be dismissed.
The Court,
By: _______________________ Kevin B. Booth, Judge